[Civ. No. 40733. Second Dist., Div. Four. Aug. 23, 1973.]

BLANCHE LORETTA FUNK HADLER, Plaintiff and Appellant, v. WESTERN GREYHOUND RACING CIRCUIT et al., Defendants and Respondents.

**COUNSEL**

Chester Leo Smith for Plaintiff and Appellant.

Manatt, Phelps & Rothenberg, John Gaims, O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears and John H. Killingsworth for Defendants and Respondents.

## OPINION

**JEFFERSON, Acting P. J.**—Plaintiff Blanche Funk Hadler, a California resident, brought this action for breach of contract, conversion and fraud (the latter cause of action added to her complaint by amendment) against two of her brothers, David and Arthur Funk; two nephews, Albert and Bradley Funk; Western Greyhound Racing Circuit, an Arizona partnership controlled by the defendants Funk and engaged in the management of dog racing tracks; and various corporations, also engaged in dog racing. Plaintiff is seeking an accounting and damages of $20,000,000, as well as other remedies, including the imposition of a trust, and injunctive relief.

The only defendant served in the lawsuit is David K. Funk served, as an individual and as a member of the partnership, at Newport Beach, California. David, for himself and for the partnership, brought a motion in the trial court to (1) quash service of summons or (2) to dismiss or stay the action on the ground of *forum non conveniens* or (3) to stay the action pending disposition of his application in the Superior Court of Maricopa County, State of Arizona, for arbitration of the dispute (as provided by the written partnership agreement between him and his brothers creating Western Greyhound Racing Circuit).[1]

The trial court denied the motion to quash service of the summons, but granted the defendant's motion to stay the action, on the ground of *forum non conveniens*.[2] Plaintiff has appealed the trial court decision, pursuant to Code of Civil Procedure, section 904.3, subdivision (d).

The question presented on this appeal is whether the trial court's denial to the plaintiff of access to the courts of California constituted an abuse of judicial discretion. We have concluded that it was such an abuse.

Plaintiff alleges, in her complaint, that in September 1957, three of her

[1]Prior to hearing on the motion, the defendant amended his motion by deleting his request for a stay based upon pendency of Arizona proceedings.

[2]Code of Civil Procedure section 418.10, subdivision (a)(2), provides that a defendant may [move] to stay or dismiss on the ground of inconvenient forum.

Code of Civil Procedure section 410.30: "When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just."

" '[A] state court which finds itself to be an inappropriate forum must (1) dismiss the action outright, or (2) do so conditionally (as by requiring the defendant to stipulate to accept service of process, and not plead the statute of limitations, in an action brought by the plaintiff in the state that is deemed to be a more convenient forum), or else (3) stay the action pending institution of suit and service of process in a more convenient forum.' " 1 Witkin, California Procedure, Jurisdiction, section 260, page 800, citing the California Judicial Council Report of 1969.

brothers, David, Arthur and Charles John, formed a partnership in Arizona, the Western Greyhound Racing Circuit, for the purpose of conducting management of dog racing tracks. On September 30, 1957, after a dispute had arisen between plaintiff and her brothers over the probate of their father's estate, plaintiff entered into a written agreement in Arizona with David, Arthur, Charles and Albert Funk, whereby in return for her releasing them from claims arising up to the time of the agreement, plaintiff was to be paid $6,000 by the partnership, Western Greyhound, and was thereby assigned, by each of the Funks, 2 percent of each's interest in the partnership, for a total of 8 percent. The agreement further provided that "in the event any stock in any corporation can be purchased by Western Greyhound Racing Circuit that Blanche Loretta Funk shall be entitled to purchase said stock, excepting promotional stock, to the extent of eight (8) percent of the total stock offered or contracted by Western Greyhound Racing Circuit." The agreement further provided that Blanche was neither to have the authority to bind the partnership in any business dealings nor to have a voice in the management of partnership business.

Plaintiff alleges that in June 1961, Charles John withdrew from the partnership, and that after his withdrawal it was agreed that she would be entitled to a 10.4 percent interest in the partnership. Plaintiff alleges that the defendants breached the agreement with her, by transferring, without her knowledge and consent, all of the partnership assets to a Delaware corporation, also controlled by the Funks, entitled Funks' Greyhound Racing Circuit, Inc., which is engaged in business in Arizona. Plaintiff has enumerated various breaches by the defendants Funk of the partnership agreement, which she claims has resulted in diminution of her interest in the partnership, and resulting damage: failure to deposit income earned by the partners in the partnership bank accounts; failure to include in partnership assets the stock and management contracts acquired by the partnership; failure to divide profits; failure to account; failure to keep accurate books; and failure to give to plaintiff the opportunity to purchase stock in the corporation which acquired the assets of the partnership. Plaintiff pleads that the relationship between her male relatives and herself was a fiduciary one, that because of it she reposed her trust and confidence in the Funks, and that the transfer of the assets of the partnership constituted a breach of that relationship. She claims that she did not learn of her exclusion from the acquiring corporation until January 1971.

Plaintiff seeks a wide range of remedies against her brothers and against various business entities she claims were a part of a conspiracy to defraud her of her interest. Our concern, however, is with her complaint only as it concerns the defendant served, David K. Funk. Plaintiff's wide-ranging

complaint does not dispel the fact that her complaint is basically one alleging breach of contract; that action is a transitory one.

Code of Civil Procedure section 410.10 provides that "A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." In the matter before us, the trial court determined that a valid service had been made on defendant David Funk. Therefore, the issue presented to us is not jurisdictional, in the precise meaning of that term.

The *forum non conveniens* doctrine "is an equitable one embracing the discretionary power of a court to decline to exercise the jurisdiction it has over a transitory cause of action when it believes that the action before it may be more appropriately and justly tried elsewhere." (*Leet* v. *Union Pac. R.R. Co.,* 25 Cal.2d 605, 609 [155 P.2d 42, 158 A.L.R. 1008].) The doctrine has recently been incorporated into California statutory law. (Code Civ. Proc., § 410.30.)

It has typically been applied, however, to provide relief to a nonresident defendant in an action brought by a nonresident plaintiff, where the forum state has little or no connection with the matter in litigation. (*Price* v. *Atchison, T. & S. F. Ry. Co.,* 42 Cal.2d 577 [268 P.2d 457, 43 A.L.R.2d 756]; see 21 Hastings L. J. 1245.) Where the plaintiff *is* a California resident, as the plaintiff herein is, the doctrine has extremely limited application. (*Thomson* v. *Continental Insurance Co.,* 66 Cal.2d 738 [59 Cal. Rptr. 101, 427 P.2d 765]; *Goodwine* v. *Superior Court,* 63 Cal.2d 481, 485 [47 Cal.Rptr. 201, 407 P.2d 1].)

██ "*Forum non conveniens* has only an extremely limited application to a case where, as here, the plaintiff is a bone [*sic*] fide resident of the forum state. . . . 'A determination that a plaintiff is domiciled here would ordinarily preclude granting the defendant's motion for dismissal on the ground of *forum non conveniens.*' " (*Thomson,* cited *supra,* p. 742.)

The Supreme Court has described the limitation on the doctrine's application as a reflection of a state policy favoring California residents' use of California courts, instead of being required to undergo the inconvenience and expense of litigating elsewhere. There is a presumption favoring the California plaintiff. As the Supreme Court stated in the *Thomson* case (pp. 744-745): "The facts alleged in defendants' affidavit do not overcome the reasonable presumption that it is convenient for plaintiff, a Californian, to litigate in this state. [Citations.] Nor have the defendants demonstrated that California courts will have such difficulty applying Texas law . . . that jurisdiction should be declined. [Citation.] 'Suit in

. . . [California] may involve hardship to the defendant, but the obvious convenience to the plaintiff in bringing suit there, together with the clear interest of this state in plaintiff's welfare will make this state an appropriate forum except in unusual circumstances.' [Citation.] The instant case does not present such unusual circumstances. It is a typical suit on a contract— a transitory action. [Citation.]"

■ It was incumbent on the defendant herein, David K. Funk, to make a showing of inconvenience, expense, and injustice, sufficiently strong to overcome the presumption favoring plaintiff, before the ruling could be justified; if allowed to stand, it would deny his resident sister access to our courts. No such showing was made.

In *Goodwine* v. *Superior Court, supra,* 63 Cal.2d 481, 485, the court said that the trial court "must consider the public interest as well as the private interests of the litigants. The court must consider such factors as the ease of access of proof, the availability and cost of obtaining witnesses, the possibility of harassment of the defendant in litigating in an inconvenient forum, the enforceability of the judgment, the burden on the community in litigating matters not of local concern, and the desirability of litigating local matters in local courts. ' "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." ' [Citation.]" (Italics added.)[3]

We have found nothing in the affidavit of David K. Funk which tips the balance in his favor. He refers to himself as a "resident and citizen of the state of Arizona, being now and for many years last past a registered voter in Arizona." The record before us indicates, however, that in 1967, he was not averse to litigating a domestic relations matter with his then wife, Dorothy, in the Los Angeles Superior Court, including the disposition of community property allegedly located in California, Arizona and New York. The moving defendant declares that an apartment he maintains at the Balboa Bay Club in Newport Beach, California, where he was served, is used by him three months of the year as a vacation home. He

[3]Code of Civil Procedure section 410.30 sets forth, in its accompanying comment, the criteria to be considered by the courts in applying the *forum non conveniens* doctrine. Included are convenience to the parties, fairness, reasonableness, the amenability of the parties to personal jurisdiction in this state as opposed to another; the parties residence; where the parties' regular business is conducted; where the events giving rise to the cause of action took place; whether there is a substantial disadvantage to the plaintiff in litigating elsewhere; expense; availability of witnesses; enforceability of the judgment; and the interest of the state in the matter, including what burden would be placed on the local courts and whether multiple actions would be involved.

denies that the partnership, or the corporations named in his sister's complaint, do business in California. Plaintiff's declaration disputes these assertions, also alleging plaintiff is a long-time California resident.

We have concluded that the defendant did not make any showing to invoke the limited exception to the rule that California residents may not be denied access to California courts except in exceptional circumstances. The judgment, therefore, is reversed.

Kingsley, J., and Dunn, J., concurred.

A petition for a rehearing was denied September 11, 1973.