[Civ. No. 44565. Second Dist., Div. One. Mar. 18, 1975.]

BELNAP FREIGHT LINES, INC., Plaintiff and Appellant, v.
NEUMAN PETTY et al., Defendants and Respondents.

**COUNSEL**

Clifford Douglas for Plaintiff and Appellant.

Linton, Waterhouse, Cushman & Hammond and P. Theodore Hammond for Defendants and Respondents.

**OPINION**

McCOURTNEY, J.*—Plaintiff Belnap Freight Lines, appeals from a stay order granted by the trial court under section 410.30 of the Code of Civil Procedure enjoining it from proceeding in the subject action until termination of certain proceedings in Utah or until further order of the court.

The appellant initially brought an action in essence in fraud against two of the defendants in the present action, Neuman Petty and Petty Investment Company, claiming the defendants had used certain monies entrusted to them for investment on behalf of appellant to purchase

---

*Assigned by the Chairman of the Judicial Council. Although Honorable Alfred J. McCourtney was present at time of oral argument herein, he died March 10, 1975.

certain property in Montebello, California and taken title in the name of the Petty Investment Company, rather than appellant. That suit was settled in 1969 by an agreement whereby Neuman Petty as an individual was to pay appellant a sum in cash and one-half of the property was to be transferred to the appellant as tenant in common. The defendant Petty did not comply with the terms of the agreement but retained a one-half interest in the property and conveyed the other half to one Utahna Belnap, now deceased. In 1972 administration of the deceased Utahna Belnap was commenced in Utah. During the course of that administration the question of the interest of the estate in the Montebello property was raised, and subsequently an equitable action was instituted against the plaintiff herein and LeGrand L. Belnap to declare that they had no interest in the property. The Utah court enjoined the plaintiff from proceeding or prosecuting their claim in California against any of the parties to the various suits in Utah. None of the respondents in the action before us are parties to that suit although they all are relatives of the deceased and residents of Utah.

In April 1973, appellant commenced this action in Los Angeles Superior Court attempting to quiet title to the Montebello property, reform the deed, establish a constructive trust or in some manner obtain the one-half interest agreed upon in the stipulated settlement of the original suit. Defendants moved under Code of Civil Procedure section 410.30 to stay proceedings until the proceedings in Utah were terminated. The trial court granted the motion and plaintiff appeals claiming that the section is not applicable under these circumstances and therefore the court abused its discretion in granting the motion.

The doctrine of the inconvenient forum is one that developed initially in the federal courts, primarily because that system is nationwide and there is broad jurisdiction in each court to transfer an action to another federal court in another state. State courts have recently followed that lead and by statute or case law approved the procedure. California originally followed the doctrine on the basis of comity between states but recently gave statutory recognition by section 410.30 of the Code of Civil Procedure. That section provides: "(a) When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just." The doctrine has been invoked in cases where the plaintiff has

proper venue but jurisdiction has been declined because his choice of forum results in harassment or undue hardship on the parties involved. Our Judicial Council has pointed out the determinative factors that have guided the courts are many but the principal interests are (1) the amenability of the parties to personal jurisdiction in the situs where the action is brought and in the alternative forum; (2) the relative ease of requiring attendance of witnesses and parties; and (3) the selection of a convenient, reasonable and fair place of trial. In connection with the latter the court must consider the residence of the parties, whether they conduct business within the state, whether the transaction arose or had substantial relationship to that state, the avoidance of a multiplicity of action, and similar considerations. One other factor the courts have emphasized is the enforceability and conclusiveness of judgment.

As the section authorizing this course of action is new, there is a dearth of cases interpreting it. Both appellant and respondents have cited and discussed *Rozan* v. *Rozan* (1957) 49 Cal.2d 322 [317 P.2d 11], and *Simmons* v. *Superior Court* (1950) 96 Cal.App.2d 119 [214 P.2d 844, 19 A.L.R.2d 288]. Both cases were decided before the present statute and in each the court in California stayed its action in favor of another state court on the basis of comity and to avoid a multiplicity of suits. The reasoning therein may and should guide us herein but in the cases cited the actions were almost precisely the same in the respective state courts and the parties were exactly the same, they therefore cannot be controlling. We must therefore examine the criteria expounded therein and that discussed above, for its application to make a present determination whether the trial court properly exercised its discretion in invoking the doctrine in the case before us.

■ All of the parties involved in the actions in both states are related to the deceased and each other in some manner, with the exception of two former trustees for related children and the two business entities involved, Belnap Freight Lines, Inc., and Petty Investment Company. As to those two businesses, counsels' briefs lead us to believe that the principal shareholder of Belnap Freight Lines is LeGrand L. Belnap, the surviving spouse of the deceased Utahna P. Belnap, and Neuman Petty, the managing partner of the investment company is a brother of the deceased. All are residents of Utah. All are presently under or subject to the jurisdiction of the District Court of Utah.

Patently the witnesses are all easily accessible to Utah jurisdiction and the court there. It is also equally apparent this is a family dispute that should if possible be determined in connection with the administration of the estate of Utahna Belnap and the suits filed in connection therewith. It is true that the situs of the property is in California and the courts are ordinarily reluctant to apply the doctrine of inconvenient forum in such instances. It is equally true that all the parties are not yet before the Utah court, particularly Neuman Petty, but he is subject to that court's jurisdiction and can and should ultimately be joined. The appellant is correct in his argument that he is not limiting his claim to the undivided one-half interest in litigation in Utah but certainly that one-half seems to be the one in major dispute. The issue if conclusively determined in that court is enforceable here in the situs court. ■ As Chief Justice Traynor pointed out in the *Rozan* case *(supra)*, at page 330: ". . . A court of one state cannot directly affect or determine the title to land in another. [Citations.] It is well settled, however, that a court, with the parties before it, can compel the execution of a conveyance in the form required by the law of the situs and that such a conveyance will be recognized there. [Citations.]" ■ If not conclusively determined at least a good portion of the matter should be concluded so that the trial in California will be simplified as the matter of the interest of Utahna Belnap would of necessity be an issue in this the principal case. Should the court in California attempt to proceed, that issue would of necessity have to be determined. The Utah court has taken prior jurisdiction of that subject and enjoined the plaintiff from proceeding with it in any other forum. It therefore should lie with the Utah court to conclude at least that portion of the case with the strong probability that by such a determination, the entire matter will be concluded.

It should be noted that the court has not refused jurisdiction, the action has been abated not dismissed; there is therefore no prejudice to the appellant. He may be caused some delay but it is interesting to note that the deed supposedly in contravention of the settlement was made in 1970. Petty Investment Company or Petty had been in control of the property with Utahna Belnap for three years before the plaintiff herein made further complaint. Not until there was dispute over the deceased's administration was the issue raised. These circumstances fortify our conviction that these matters should, if possible, be settled by the various actions in Utah.

The considerations of convenience, residence, and availability of witnesses outweigh any negative factors. We are convinced the court properly exercised its discretion.

The judgment is affirmed.

Lillie, Acting P. J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 14, 1975.