[Civ. No. 46454. Second Dist., Div. Four. Jan. 22, 1976.]

GOULD, INC., Plaintiff and Appellant, v.
HEALTH SCIENCES, INC., Defendant and Respondent.

688

## COUNSEL

Latham & Watkins, Robert E. Currie and Lance B. Wickman for Plaintiff and Appellant.

Dryden, Harrington & Swartz, Miles J. Rubin and Dale B. Goldfarb for Defendant and Respondent.

## OPINION

**JEFFERSON (Bernard), J.**—Plaintiff, Gould, Inc., a corporation, filed a complaint against defendant, Health Sciences, Inc., a corporation, alleging breaches of warranties, fraud and deceit, and negligent misrepresentation. The dispute arose as the result of alleged defects in switches manufactured by defendant in Massachusetts and delivered to plaintiff in California in 1973. Defendant moved to quash service of summons for lack of jurisdiction and to dismiss the action on the ground of forum non conveniens. After considering the affidavits and declarations of the

parties, the trial court entered a minute order in which it granted the motion to quash; plaintiff has appealed from that order.[1]

Defendant is a small manufacturing company, incorporated in Delaware but located solely in Woburn, Massachusetts. In 1970, defendant's president, Joseph J. Panico, commenced negotiations with Smith, Kline Instruments (hereinafter, SKI) which culminated in the execution of a licensing agreement between defendant and SKI in New Jersey on November 13, 1970. Before the agreement was signed, and afterwards, Panico came to California to confer with SKI representatives about his product which was the subject of the agreement, a switch used to activate medical equipment known as defibrillators.

Subsequently, SKI entered into a sub-licensing agreement with plaintiff. Plaintiff sent purchase orders for switches to defendant in Massachusetts; these orders were filled there and shipped by defendant to plaintiff's facility at Sunnyvale, California. Defendant realized income from these transactions of approximately $50,000. Defendant's president, Joseph J. Panico, declared in his affidavit that defendant has never been qualified to do business in California; has never maintained an office or sales representative here; owns no real or personal property in this state; has never paid California taxes and has never made any contracts in California. Defendant realized total income from its business of approximately $162,000 in 1973 and $90,000 in 1974.

Defendant has only three employees, including its president. Panico asserted in his affidavit that a trial in California involving the testimony of these persons would completely disrupt the company's operations in Massachusetts; he also stated that it would be necessary for defendant to bring suit against two other Massachusetts manufacturing concerns with regard to the switches, and that these two entities were not amenable to the jurisdiction of plaintiff's chosen forum, California.

---

[1]We note that the order made is appealable pursuant to Code of Civil Procedure section 904.1, subdivision (c). While in the form of a minute order, we have concluded that plaintiff is properly before this court because the order made was a final judgment; the instant case may be thus distinguished from those where the minute order directs the entry of nonsuit or dismissal and appeal may only properly be taken from the resultant judgment, rather than the minute order. Here, the minute order did not specify dismissal. We augmented the record by requesting that counsel for plaintiff obtain a certificate from the superior court clerk attesting the entry of the minute order in the permanent minutes of the superior court, and such certificate has been provided; hence, the minute order is appealable as specified in rule 2(b) of the California Rules of Court.

Plaintiff is a Delaware corporation whose principal place of business is Chicago, Illinois. It generates $800 million in business annually, and has facilities in both California and in Massachusetts; it claims to be a California resident for the purposes of this action. Its California operations are located in the northern part of the state, and many of its witnesses reside there. Plaintiff asserted that a trial in Massachusetts would be extremely inconvenient and expensive, due to the necessity of transporting witnesses and evidence, including the allegedly defective switches, to that location.

When the trial court granted defendant's motion to quash, it cited Code of Civil Procedure sections 410.30 and 418.10. Section 410.30 provides, in subdivision (a) that "[w]hen a court . . . finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just." Section 418.10 provides in subdivision (a) that "[a] defendant . . . may serve and file a notice of motion either or both: [¶] (1) To quash service of summons on the ground of lack of jurisdiction of the court over him. [¶] (2) To stay or dismiss the action on the ground of inconvenient forum."

Plaintiff takes the view on this appeal that the minute order is ambiguous; that it is impossible to tell whether the trial court based its decision in defendant's favor on the ground of lack of jurisdiction or on the ground that jurisdiction should be declined and the matter heard in a more appropriate forum. Plaintiff argues, therefore, that the trial court's determination was incorrect on both grounds. Defendant has briefed both issues, but argues that, by citing the sections of the Code of Civil Procedure set forth, *supra,* the trial court was relying on the doctrine of forum non conveniens.

We have concluded that the minute order quashing service, while not a model of clarity, was intended to, and had the effect of, staying the action within the meaning of Code of Civil Procedure section 418.10, subdivision (a)(2), due to the inconvenient forum California offers for the trial of this action. We do not interpret the minute order as being based on a finding of lack of personal jurisdiction over defendant, as provided in section 418.10, subdivision (a)(1)—not mentioned in the minute order. The California Supreme Court, in *Buckeye Boiler Co.* v. *Superior Court* (1969) 71 Cal.2d 893, 902 [80 Cal.Rptr. 113, 458 P.2d 57]], stated that "[a] manufacturer engages in economic activity within a state [sufficient for jurisdictional purposes] as a matter of 'commercial

actuality' whenever the purchase or use of its product within the state generates gross income for the manufacturer and is not so fortuitous or unforeseeable as to negative the existence of an intent on the manufacturer's part to bring about this result." *Buckeye* also holds that, "[o]nce it is established that the defendant has engaged in activity of the requisite quality and nature in the forum state and that the cause of action is sufficiently connected with this activity, the propriety of an assumption of jurisdiction depends upon a balancing of the inconvenience to the defendant in having to defend itself in the forum state against both the interest of the plaintiff in suing locally and the interrelated interest of the state in assuming jurisdiction." (*Buckeye, supra,* 71 Cal.2d 893, at p. 899.) ■ We interpret this language to mean that application of Code of Civil Procedure section 418.10, subdivision (a)(2) involves a weighing process relative to the convenience of the forum, and that, in the appropriate case where a defendant has engaged in the requisite commercial activity in this state, jurisdiction may be declined for reasons peculiar to the particular case, and that it is immaterial whether the relief granted to defendant be that of quashing service of summons, staying or dismissing the action. We hold that any of these forms of relief is appropriate if the facts justify application of the doctrine of forum non conveniens.

■ In the instant case, it would appear that defendant did conduct purposeful economic activity in California, generating for at least one year a substantial part of its earnings. The relevant inquiry on this appeal is whether the trial court correctly determined that the California forum was an inappropriate one under the circumstances presented here. ■ That determination was made as an exercise of the trial court's discretion (*Great Northern Ry. Co.* v. *Superior Court* (1970) 12 Cal.App.3d 105 [90 Cal.Rptr. 461]), and such discretion is exercisable on a case-by-case basis since the factual situations where application of the forum non conveniens doctrine may be invoked, will present wide variations.

■ The basic principle underlying the forum non conveniens doctrine is that "a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." (*Gulf Oil Corp.* v. *Gilbert* (1947) 330 U.S. 501, 507 [91 L.Ed. 1055, 1062, 67 S.Ct. 839].) The doctrine has long been recognized as California common law (*Price* v. *Atchison, T. & S.F. Ry. Co.* (1954) 42 Cal.2d 577 [268 P.2d 457, 43 A.L.R.2d 756]), and, in 1969, was codified (Code Civ. Proc., § 410.30).

As was stated in *Belnap Freight Lines, Inc.* v. *Petty* (1975) 46 Cal.App.3d 159, 162 [119 Cal.Rptr. 907], "[o]ur Judicial Council has pointed out the determinative factors that have guided the courts are many but the principal interests are (1) the amenability of the parties to personal jurisdiction in the situs where the action is brought and in the alternative forum; (2) the relative ease of requiring attendance of witnesses and parties; and (3) the selection of a convenient, reasonable and fair place of trial. In connection with the latter the court must consider the residence of the parties, whether they conduct business within the state, whether the transaction arose or had substantial relationship to that state, the avoidance of a multiplicity of action, and similar considerations. One other factor the courts have emphasized is the enforceability and conclusiveness of judgment." (See also, *Great Northern Ry. Co., supra.*)

■ One limitation on the imposition of the doctrine has been recognized in the decisional law; it ordinarily may not be invoked to deprive a *resident* plaintiff of access to the California courts. (*Hadler* v. *Western Greyhound Racing Circuit* (1973) 34 Cal.App.3d 1, 5 [109 Cal.Rptr. 502]; *Ferreira* v. *Ferreira* (1973) 9 Cal.3d 824, 838-839 [109 Cal.Rptr. 80, 512 P.2d 304].) Plaintiff herein contends that, since it is undisputed that it conducts substantial business operations in California, it is entitled to the consideration given to resident plaintiffs in California, and should not, therefore, be deprived of a California forum; and that, for the purposes of this action, it has "resident" status. However, unlike individual Californians, plaintiff is an active national corporation engaged in commercial activity in many states; according to the affidavits and declarations on file, it has facilities in California, Massachusetts, Ohio and Illinois, and possibly in other states as well.

The far-reaching nature of plaintiff's business in and of itself does not entitle it to seek a forum far removed from a particular defendant's ordinary place of business. The fact that plaintiff can claim residence in many states because of its far-flung operations in many states, including California, does not bring plaintiff within the favored position of a plaintiff whose *sole* residence is in California. We hold that in the non-sole resident situation, "[w]here the balance [of convenience criteria] does weigh heavily in a defendant's favor it becomes the court's duty to apply the doctrine." (*Great Northern Ry. Co., supra,* 12 Cal.App.3d 105, at p. 110.)

In the instant case, the defendant would be seriously inconvenienced by the trial of the action here; the action is more appropriately one for the Massachusetts court, where defendant's sub-suppliers would be amenable to process. Plaintiff asserts that Massachusetts would be an inconvenient forum for it, because many of its prospective witnesses reside in northern California (although the action was brought in southern California) and that it would be necessary to transport witnesses, materials (including the switches) to Massachusetts at great expense. It appears that, in terms of economic impact, however, the trial in California would have far more serious implications for defendant.

As between a plaintiff that is a national corporation with substantial resources, and a defendant that is a small company located solely in a foreign jurisdiction, we have no difficulty in upholding the trial court's determination that California has no special interest in providing a forum for this commercial dispute. As was said in *Gulf Oil Corp., supra,* "[a] plaintiff sometimes is under temptation to resort to a strategy of forcing the trial at a most inconvenient place for an adversary, even at some inconvenience to himself." (*Gulf Oil Corp., supra,* 330 U.S. 501, at p. 507 [91 L.Ed. 1055, at p. 1062].) That is the situation here.

The order appealed from is affirmed.

Kingsley, Acting P. J., and Dunn, J., concurred.