[Civ. No. 42339. First Dist., Div. One. Nov. 2, 1978.]

BECHTEL CORPORATION et al., Plaintiffs and Appellants, v. INDUSTRIAL INDEMNITY COMPANY, Defendant and Respondent.

46

**COUNSEL**

Sedgwick, Detert, Moran & Arnold, George E. Sayre, David E. Bordon and Cyril Viadro for Plaintiffs and Appellants.

Farella, Braun & Martel, Richard M. Bryan, Smith, Somerville & Case, William B. Somerville and Howard G. Goldberg for Defendant and Respondent.

**OPINION**

**ELKINGTON, J.**—The San Francisco, California, Superior Court on the motion of defendant Industrial Indemnity Company entered its order staying an action brought by the several plaintiff corporations to which we shall refer collectively as Bechtel, thus to allow the dispute to be tried in Maryland, a state found by the court to be a more convenient forum. Bechtel has appealed from the order.

We have read and considered the record and briefs of the respective parties. Our conclusion is that the trial court's order must be reversed. Our "reasons," as required by article VI, section 14, of the state's Constitution, follow.

We are, of course, concerned with the equitable doctrine of forum non conveniens which was recently (1969) codified in this state as Code of Civil Procedure section 410.30. ■ The doctrine embraces "the discretionary power of a court to decline to exercise the jurisdiction it has over a transitory cause of action when it believes that the action before it may be more appropriately and justly tried elsewhere." (*Leet v. Union Pac. R.R. Co.,* 25 Cal.2d 605, 609 [155 P.2d 42, 158 A.L.R. 1008] [cert. den. 325 U.S. 866 (89 L.Ed. 1986, 65 S.Ct. 1403)]; *Hadler v. Western Greyhound Racing Circuit,* 34 Cal.App.3d 1, 5 [109 Cal.Rptr. 502].)

■ The question of the appeal is whether the trial court's order constituted an abuse of judicial discretion. (*Gulf Oil Corp.* v. *Gilbert,* 330 U.S. 501, 508 [91 L.Ed. 1055, 1062, 67 S.Ct. 839]; *Price* v. *Atchison, T. & S.F. Ry. Co.,* 42 Cal.2d 577, 584 [268 P.2d 457, 43 A.L.R. 756] [cert. den. 348 U.S. 839 (99 L.Ed. 661, 75 S.Ct. 44)]; *Gould, Inc.* v. *Health Sciences, Inc.,* 54 Cal.App.3d 687, 692 [126 Cal.Rptr. 726].) Such an abuse of discretion appears when the order is unsupported by substantial evidence under apposite law. (See *Brown* v. *Clorox Co.,* 56 Cal.App.3d 306, 310-311 [128 Cal.Rptr. 385].)

Uncontroverted evidence in the trial court established the following facts.

Bechtel is an engineering and contracting firm which undertakes large construction contracts throughout the nation and the world. Its principal place of business is in California, at San Francisco. Defendant is an insurance company whose principal place of business is also in California, at San Francisco.

(It is significant, as will later appear, that each of the litigants is thus a *California resident.* See *Galveston, etc. Railway Company* v. *Gonzales,* 151 U.S. 496, 504 [38 L.Ed. 248, 251, 14 S.Ct. 401]; *Hale* v. *Bohannon,* 38 Cal.2d 458, 472-473 [241 P.2d 4]; *McClung* v. *Watt,* 190 Cal. 155, 158-159 [211 P. 17]; *Gallup* v. *Sacramento etc. Drainage Dist.,* 171 Cal. 71, 74 [151 P. 1142]; *Waechter* v. *Atchison etc. Ry. Co.,* 10 Cal.App. 70, 72-73 [101 P. 41].)

Defendant had written insurance and employee fidelity bonds for Bechtel for many years. Each of the many such agreements had been entered into at San Francisco, California. In 1969, Bechtel undertook construction, in Maryland, of a nuclear power plant for Baltimore Gas and Electric Company. During the project's work progress employees of Bechtel corruptly connived with subcontractors in such a manner as to defraud Bechtel, or Baltimore Gas and Electric Company, or both of them, of large amounts of money. (Several of the participants have since been convicted of related crimes in Maryland.)

On July 26, 1976, Bechtel commenced a superior court action in San Francisco, California, against defendant on an employee fidelity bond written by it for Bechtel. It sought a judicial declaration that defendant was "obligated to reimburse [Bechtel] as respects sums which [it] may in

the future pay to [Baltimore Gas and Electric Company] as a result of the wrongful, dishonest, and fraudulent acts of [its] employees."

Several months later, and during pendency of Bechtel's California action, defendant commenced an action in Maryland, seeking there to have it adjudged that it was *not* liable under its employee fidelity bond in respect of the subject matter of the California action.

Defendant thereafter moved the superior court of the California action to dismiss, or stay, the action in order that, under the doctrine of forum non conveniens, its dispute with Bechtel might be litigated in the Maryland court. The motion was granted and the California action was, and is now, stayed pending a decision of the Maryland court.

The instant appeal is from the order of the San Francisco, California, Superior Court granting defendant's motion.

At the threshold of our discussion it is proper to note that defendant does not contend, nor would the record support a contention, that Bechtel's commencement of the action in California was "vexatious,"[1] or "oppressive,"[2] or "harassing."[3]

█ It will be observed that an action may be removed to another state for trial under the principle of forum non conveniens only where the law of the first state has authorized its venue there. (*Gulf Oil Corp.* v. *Gilbert, supra,* 330.U.S. 501, 504 [91 L.Ed. 1055, 1060]; *Great Northern Ry. Co.* v. *Superior Court,* 12 Cal.App.3d 105, 112 [90 Cal.Rptr. 461] [cert. den., 401 U.S. 1013 (28 L.Ed.2d 550, 91 S.Ct. 1250)].) It is thus by its nature a drastic remedy to be exercised, as we shall see, with caution and restraint.

Historically the doctrine was applied in the interest of justice, *only* "where the suit is between aliens or non residents" of the state or federal

---

[1]*"Vexatious proceeding.* Proceeding instituted maliciously and without probable cause. . . . When the party bringing proceeding is not acting *bona fide,* and merely wishes to annoy or embarrass his opponent. . . ." (Black's Law Dict. (4th ed. 1951) p. 1737, col. 1.)

[2]" 'Oppression' has a well defined meaning. . . . It means subjecting a person to cruel and unjust hardship in conscious disregard of his rights." (*Richardson* v. *Employers Liab. Assur. Corp.,* 25 Cal.App.3d 232, 246 [102 Cal.Rptr. 547] [disapproved on other grounds, *Gruenberg* v. *Aetna Ins. Co.,* 9 Cal.3d 566, 580-581 (108 Cal.Rptr. 480, 510 P.2d 1032)].)

[3]"Harass . . . to vex, trouble or annoy . . . (as with anxieties, burdens, or misfortunes)." (Webster's New Internat. Dict. (3d ed. 1965) p. 1031.)

judicial district, or when for some similarly persuasive reason "the litigation can more appropriately be conducted in a foreign tribunal." (*Canada Malting Co.* v. *Paterson Co.,* 285 U.S. 413, 423 [76 L.Ed. 837, 842, 52 S.Ct. 413]; *Price* v. *Atchison T. & S.F. Ry. Co., supra,* 42 Cal.2d 577, 580.) Frequent applications of this strict rule have been pointed out, as follows: "Courts which have emphasized convenience to the court as a basis for the doctrine have usually held that the bona fide residence of either the plaintiff or the defendant in the forum state at the time .the cause of action arose is enough to compel the trial court to assume jurisdiction. When the plaintiff is a resident the courts of some states indicate the trial court has no discretion to refuse jurisdiction; others treat the plaintiff's residence as such a strong factor in favor of exercising jurisdiction that it will usually be decisive. Here arguments of convenience to the court are said to be counterbalanced by the court's duty to citizens of the state who pay taxes and contribute to the upkeep of the courts. . . . [¶] These courts also reject the plea of *forum non conveniens* when the defendant is a resident of the state of suit. A recent . . . case said that the plea can never be presented by a resident of the forum. Other cases have suggested that when the defendant is a foreign corporation doing a substantial amount of business in the state jurisdiction should be assumed. And when the plea is presented by a nonresident defendant, the fact that a codefendant is a resident has been held sufficient to justify a court in hearing the case." (Barrett, *The Doctrine of Forum Non Conveniens,* (1947) 35 Cal.L.Rev. 380, 413-414, fns. omitted.)

California and some other jurisdictions have adopted a more flexible rule. In a proper case, despite the residence of one, or some, of the parties the doctrine will sometimes be applied. Illustrations: where plaintiff seeks to " 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy" (*Gulf Oil Corp.* v. *Gilbert, supra,* 330 U.S. 501, 508 [91 L.Ed. 1055, 1062]); where plaintiff's purpose and conduct are "vexatious or oppressive" (*Williams* v. *Green Bay & W. R. Co.,* 326 U.S. 549, 554 [90 L.Ed. 311, 315, 66 S.Ct. 284]); or where there is "harassment of the defendant" (*Goodwine* v. *Superior Court,* 63 Cal.2d 481, 485 [47 Cal.Rptr. 201, 407 P.2d 1]). ■ Even in such situations however, it is held that ". . . unless the balance *is strongly in favor of the defendant,* [italics added] the plaintiff's choice of forum should rarely be disturbed." (*Gulf Oil Corp.* v. *Gilbert, supra,* 330 U.S. 501, 508 [91 L.Ed. 1055, 1062]; *Price* v. *Atchison, T. & S. F. Ry. Co., supra,* 42 Cal.2d 577, 585; *Great Northern Ry. Co.* v. *Superior Court, supra,* 12 Cal.App.3d 105, 110.)

In passing upon a defendant's application designed to obtain trial of a dispute in a more convenient forum, California's trial courts will be guided by the following authority.

"[The] limitation of the *forum non conveniens* doctrine does not rest on any conclusion derived from a balancing of conveniences; it reflects an overriding state policy of assuring California residents an adequate forum for the redress of grievances." (*Archibald* v. *Cinerama Hotels,* 15 Cal.3d 853, 859 [126 Cal.Rptr. 811, 544 P.2d 947].) The test is not hardship to the defendant, for: " 'Suit in . . . [California] may involve hardship to the defendant, but the obvious convenience to the plaintiff in bringing suit there, together with the clear interest of this state in plaintiff's welfare will make this state an appropriate forum except in unusual circumstances.' " (*Thomson* v. *Continental Ins. Co.,* 66 Cal.2d 738, 745 [59 Cal.Rptr. 101, 427 P.2d 765].)

It has variously been held that: "Where there are only two parties to a dispute, there is good reason why it should be tried in plaintiff's home forum if that has been his choice" (*Koster* v. *Lumbermens Mutual Co.,* 330 U.S. 518, 524 [91 L.Ed. 1067, 1074, 67 S.Ct. 828]); "the residence of the suitor . . . is a fact of high significance" (*International Milling Co.* v. *Columbia Transportation Co.,* 292 U.S. 511, 519 [78 L.Ed. 1396, 1401, 54 S.Ct. 797]); " '*Forum non conveniens* has only an extremely limited application to a case where, as here, the plaintiff is a bona fide resident of the forum state' " (*Archibald* v. *Cinerama Hotels, supra,* 15 Cal.3d 853, 858; *Thomson* v. *Continental Ins. Co., supra,* 66 Cal.2d 738, 742); "it ordinarily may not be invoked to deprive a *resident* plaintiff of access to the California courts" (*Gould, Inc.* v. *Health Sciences, Inc., supra,* 54 Cal.App.3d 687, 693); "In any balancing of conveniences, a real showing of convenience by a plaintiff who has sued in his home forum will normally outweigh the inconvenience the defendant may have shown" (*Koster* v. *Lumbermens Mutual Co., supra,* p. 524 [91 L.Ed., p. 1074]); there is a "reasonable presumption that it is convenient for plaintiff, a Californian, to litigate in this state" (*Thomson* v. *Continental Ins. Co., supra,* pp. 744-745).

We are advised of no authority and we find none where, as here, a *resident* defendant of an action was successful in an attempt to remove trial of his dispute with a *resident* plaintiff to another state on the theory of forum non conveniens. And where one of the parties is such a *resident* many states will never, and others will rarely, permit application of the doctrine. We point out some illustrations.

*Naughton* v. *Pennsylvania R. Co.*, 85 F.Supp. 761, 763: a nonresident plaintiff sued a defendant in the state of its principal place of business. In denying the defendant's forum non conveniens application the court concluded that "the fact that the defendant has been sued in the state of its incorporation and in the district and city where its main office and legal department is located is certainly a very important consideration when it comes to the question whether it is being seriously inconvenienced, annoyed or harassed." *Vigil et al.* v. *Cayuga Const. Corp.*, 185 Misc. 675 [54 N.Y.S.2d 94, 98] affd. 185 Misc. 680 (55 N.Y.S.2d 909)]: "The plea of *forum non conveniens* cannot be presented by a resident of the forum, . . ." *Quigley Co.* v. *Asbestos Limited*, 134 N.J. Eq. 312 [35 A.2d 432, 434], [affd. 132 N.J.L. 171 (39 A.2d 135)]: The parties were both licensed to do business in New Jersey. Defendant's motion that the court decline jurisdiction on a forum non conveniens theory was rejected, the court stating: "When defendant obtained a license to engage in business in this state and established a manufacturing plant here and had business relations with the complainant, defendant voluntarily subjected itself to the liability of being sued in the courts of this state . . . and to all the hardship and inconveniences which usually attend trial in any court of a law suit of importance, such as this suit appears to be." *Wagner* v. *Braunsberg*, 5 App.Div.2d 564 [173 N.Y.S.2d 525, 526] (headnote): "New York court could not reject jurisdiction, under doctrine of forum non conveniens, of action instituted by state resident (as assignee) against nonresident to recover money damages for breach of contract of guaranty which had been executed in foreign country by foreign residents." *De La Bouillerie* v. *De Vienne*, 300 N.Y. 60 [89 N.E.2d 15, 48 A.L.R.2d 798]: "Our courts are bound to try an action for a foreign tort when either the plaintiff or the defendant is a resident of the state . . ." *Franco* v. *Standard Marine Insurance Co.*, 11 App.Div.2d 643 [201 N.Y.S.2d 230, 231]: "We agree that the doctrine of *forum non conveniens* is not a bar to this suit, the plaintiff assignee being a New York resident. . . ."[4]

From the foregoing authority and considerations we conclude that where both parties to an action are California residents, the

[4]Although not in evidence or the subject of judicial notice in the trial court, and therefore unconsidered by us in our determination of the appeal, it is notable that the Maryland court on Bechtel's motion for a stay of defendant's action in that state pending final disposition of Bechtel's California appeal, stated in part: "[W]hile this Court has no objection to being inconvenienced or to having to struggle with California Law such as it is, we do believe that these two corporations having home offices in California, the bond having been written in California and California Law being determinative of the rights and obligations between these parties on the bond, California is logically and properly the forum in which to try the questions of law involved."

defendant's motion to stay, or to dismiss, the action under the doctrine of forum non conveniens may not be granted. And this rule is even more compellingly applicable where, as here, a defendant insurance company, a California resident, has *in that state* voluntarily subjected itself to liability according to the terms of its insurance contract with Bechtel, another California resident.

We accordingly determine that the trial court's order was unsupported by substantial evidence, and its rendition an abuse of discretion.

We have found it unnecessary, in our disposition of the appeal, to pass upon defendant's argument that its convenience, or the convenience of witnesses, or both, weighs heavily in favor of a Maryland trial. But we nevertheless opine that the respective conveniences of the parties appear to be more evenly balanced. The record would not reasonably support the conclusion that the balance weighed "strongly in favor of the defendant." (See *Gulf Oil Corp.* v. *Gilbert, supra,* 330 U.S. 501, 508 [91 L.Ed. 1055, 1062]; *Goodwine* v. *Superior Court, supra,* 63 Cal.2d 481, 485.)

The order of the superior court of May 23, 1977, granting defendant Industrial Indemnity Company's motion "for an order staying this action" is reversed.

Racanelli, P. J., and Newsom, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied December 27, 1978.