No. 80-372

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

JACK TAURMAN and LON WOCASEK,
d/b/a T & W CONSTRUCTION,

Plaintiffs and Appellants,

-vs-

TOWN OF CASCADE,

Defendant , Respondent & Cross-Appellant.

---

Appeal from: District Court of the Eighth Judicial District,
In and for the County of Cascade, The Honorable
H. William Coder, Judge presiding.

Counsel of Record:

For Appellant:

Dzivi, Conklin & Nybo, Great Falls
Richard Dzivi and Susan Rebeck argued, Great Falls,
Montana

For Respondents:

Cure & Borer, Great Falls, Montana
Maxon R. Davis argued, Great Falls, Montana

---

Submitted:  April 23, 1981
JUN 4 1981
Decided:

Filed: JUN 4 1981

Thomas J. Kearney
_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the District Court of the Eighth Judicial District of the State of Montana, in and for the County of Cascade.

Appellant, T & W Construction, sued on contract for the performance of street construction in the Town of Cascade. Respondent, the Town of Cascade, counterclaimed alleging that appellant breached the contract and failed to fully perform the contract and raised as a defense the illegality of the contract. Respondent moved for summary judgment, and the motion was granted. The District Court also dismissed respondent's counterclaim. Appellant appeals from the summary judgment order. Respondent appeals from the dismissal of the counterclaim.

Jack Taurman and Lon Wocasek are a partnership doing business in Cascade County as T & W Construction. On or about July 24, 1979, following competitive bidding, respondent Town of Cascade awarded a contract to appellant T & W Construction for street construction and improvement work. Appellant began work on the street project on August 7, 1979. On August 15, 1979, an agent of respondent advised appellant to cease and desist from any further work on the construction project because of respondent's uncertainty about obtaining funding for the project. Appellant stopped work.

On September 25, 1979, appellant, at the direction of respondent, resumed work on the street project. Appellant was unable to complete the construction contract during the

1979 construction season because of the forty-day work stoppage ordered by respondent. Appellant alleged it had completed the grading and graveling portion of the contract. This portion of the work had a reasonable value of $25,857. Respondent refused to pay appellant for the work performed.

On January 30, 1980, appellant filed its complaint in the District Court seeking to recover from respondent the value of the work performed under the contract and related damages.

On May 8, 1980, appellant applied for and on May 20, 1980, obtained a valid and retroactive 1979 Montana Public Contractor's License, No. 1717B.

On May 9, 1980, respondent moved the District Court for summary judgment. On August 20, 1980, the District Court entered summary judgment against appellant. Specifically, in its Conclusion of Law No. 3, the District Court found:

> "In light of plaintiffs' failure to possess a public contractor's license in 1979, their alleged contract with the Town of Cascade for the performance of that public construction work was illegal pursuant to Section 15-50-201, MCA."

We address the following issue in this appeal:

Can a contractor collect payment for work performed under a contract with a municipality, if the contractor does not obtain a public contractor's license until after the work has been performed?

Section 15-50-101(1)(a), MCA, states:

> "A 'public contractor' within the meaning of this chapter shall include any person who submits a proposal to or enters into a

-3-

> contract for performing all public
> construction work in the state with the
> federal government, state of Montana, or with
> any board, commission, or department thereof
> or with any board of county commissioners or
> with any city or town council or with any
> agency of any thereof or with any other
> public board, body, commission, or agency
> authorized to let or award contracts for any
> public work when the contract cost, value, or
> price thereof exceeds the sum of $1,000."

Section 15-50-201, MCA, provides:

> "It shall be unlawful for any person or any
> combination of persons to engage in the
> business or act in the capacity of public
> contractor as herein defined within the state
> of Montana without having a license therefor
> as herein provided."

The District Court erred in concluding that the contract entered into between the parties was illegal and, therefore, void. Appellant admits that it did not have a public contractor's license as required by statute when it accepted the bid proposal. It admits that it may have violated the law and may be assessed a misdemeanor fine. Nowhere in the statutes is it declared that a contract made without a license is unenforceable or void. Nowhere in the statute does it expressly prohibit the making of a contract or recovery outside of the contract. See McManus v. Fulton (1929), 85 Mont. 170, 278 P. 126. It is not the contract which the statute made illegal. It is "unlawful" to "act in the capacity of a public contractor." The contract itself was legal and, therefore, enforceable. See Vitek, Inc. v. Alvarado Ice Palace (1974), 34 Cal.App.3d 586, 110 Cal.Rptr. 86.

The licensing law should not be used as a shield for the avoidance of a just obligation or to prohibit a claim

-4-

for just compensation.

We reverse the District Court's summary judgment and dismissal of respondent's counterclaim and order that further proceedings be conducted consistent with this opinion.

_____
                Justice

We concur:

_____
      Chief Justice

_____

_____

_____
        Justices

-5-