510 So.2d 1045 (1987)
Dale L. SIMS, Appellant,
v.
STATE of Florida, Appellee.
No. BQ-96.
District Court of Appeal of Florida, First District.
July 24, 1987.
Michael E. Allen, Public Defender, and Carl S. McGinnis, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Elizabeth Masters, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
The issue presented in this appeal is whether section 950.09, Florida Statutes *1046 (1985), proscribing malpractice by a jailer, is impermissibly vague and therefore violative of the Florida and federal constitutions. We affirm.
The fair warning requirement embodied in the due process clauses of the federal and Florida constitutions prohibits the state from holding an individual criminally responsible for conduct which he could not reasonably understand to be proscribed and requires that the law give sufficient warning that men may conform their conduct so as to avoid that which is forbidden. Rose v. Locke, 423 U.S. 48, 96 S.Ct. 243, 46 L.Ed.2d 185 (1975).
In Powell v. State, 508 So.2d 1307 (Fla. 1st DCA 1987), this court recently upheld the constitutional validity of section 950.09 in the face of a contention that the statute is so vague and indefinite that it fails to convey a sufficient warning as to the type of conduct which it prohibits. The appellants in that case pled nolo contendere to charges of violating section 950.09 in an incident involving a juvenile inmate and were tried by a jury on similar charges arising from an incident involving another inmate after they unsuccessfully moved to dismiss the informations in both cases. This court's opinion included the facts determined at trial and commented upon the propriety of applying the law to those facts.
In this case, Dale Sims pled nolo contendere to the charge of malpractice by a jailer under section 950.09, reserving his right to appeal the denial of his motion to dismiss which was based on a contention that the statute was unconstitutionally vague. The facts from which the criminal charges arise in a particular case are irrelevant to a determination of the facial constitutional validity of the statute under which the defendant is charged.
The following portions of Powell v. State are dispositive of this appeal:[1]
The function of the void-for-vagueness doctrine is to assure that people are given fair notice of what conduct is prohibited by a specific criminal statute and to curb the discretion afforded to law enforcement officers and administrative officials in initiating criminal prosecutions. A statute will be held void for vagueness if the conduct forbidden by it is so unclearly defined that persons "of common intelligence must necessarily guess at its meaning and differ as to its application." Connally v. General Construction Co., 269 U.S. 385 [46 S.Ct. 126, 70 L.Ed. 322] (1926). However, "[t]o make a statute sufficiently certain to comply with constitutional requirements, it is not necessary that it furnish detailed plans and specifications of the acts or conduct prohibited." State v. Holden, 299 So.2d 8, 9 (Fla. 1974). It is only necessary that the language of the statute convey a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. State v. Reese, 222 So.2d 732, 736 (Fla. 1969).
In deciding whether section 950.09 is unconstitutionally vague, we necessarily focus upon the phrase "willful inhumanity and oppression" to determine whether the words "inhumanity" and "oppression" convey sufficient warning of ascertainable proscribed conduct when measured by common understanding and *1047 practices. A cardinal rule of statutory construction requires that, unless otherwise defined or limited by manifest legislative intent, statutory language is to be given its plain and ordinary meaning. Southeastern Fisheries Association, Inc. v. Department of Natural Resources, 453 So.2d 1351 (Fla. 1984). Although the critical words are not statutorily defined, they can be readily understood by reference to commonly accepted dictionary definitions. See Gardner v. Johnson, 451 So.2d 477 (Fla. 1977); Miller, The Medium is the Message: Standards of Review in Criminal Constitutional Cases in Florida, 11 Nova Law Review 97, 124 (1986) (standard dictionary definitions are reliable sources for plain and ordinary language definitions).
"Inhumanity" is defined in Webster's Third New International Dictionary, Unabridged (1981) as "the quality or state of being cruel or barbarous; cruelty."[3]
"Oppression" is defined in Webster's unabridged dictionary as "unjust or cruel exercise of authority or power by the imposition of burdens; especially, the unlawful, excessive, or corrupt exercise of power other than by extortion by any public officer so as to harm anyone in his rights, person or property while purporting to act under color of governmental authority."[4] Oppression has been defined in a civil action as "subjecting a person to cruel and unjust hardship in conscious disregard of his rights." Bechtel Corp. v. Industrial Indemnity Co., 86 Cal. App.3d 45, 49 [150 Cal. Rptr. 29] (1979).
... The definitions of these words are not difficult to apply, nor are they subject to unbridled discretion in their application by officials undertaking to enforce the statute.
Appellant's conviction is AFFIRMED.
SHIVERS and NIMMONS, JJ., concur.
NOTES
[1] 508 So.2d at 1310. The footnotes included in the quoted text are as follows:

3 Other widely recognized dictionaries contain similar definitions: (1) lack of pity or compassion; an inhuman or cruel act. The American Heritage Dictionary, 1979; (2) extreme or aggravated cruelty. Black's Law Dictionary, Fifth Edition, 1979; and (3) want of human feeling and compassion; brutality, barbarous cruelty. Oxford English Dictionary, Compact Edition, 1971.
4 Other dictionary definitions are similar: (1) persecution by unjust or tyrannical use of force or authority. The American Heritage Dictionary, 1979; (2) the misdemeanor committed by a public officer, who under color of his office, wrongfully inflicts upon any person any bodily harm, imprisonment, or other injury. An act of cruelty, severity, unlawful exaction, or excessive use of authority. An act of subjecting to cruel and unjust hardship; an act of domination. Black's Law Dictionary, Fifth Edition, 1979; and (3) exercise of authority or power in a burdensome, harsh or wrongful manner; unjust or cruel treatment. Oxford English Dictionary, Compact Edition, 1971.