[S.F. No. 23251. In Bank. Jan. 21, 1976.]

MARYBELLE ARCHIBALD, Plaintiff and Appellant, v.
CINERAMA HOTELS et al., Defendants and Respondents.

**COUNSEL**

Friedman, Collard & Kauffman, Lally & Mills, Morton L. Friedman, John E. Ryan and Peter E. Mills for Plaintiff and Appellant.

Robert E. Cartwright, Edward I. Pollock, Stephen I. Zetterberg, Robert G. Beloud, Ned Good, David B. Baum, Arne Werchick, Elmer Low and Leonard Sacks as Amici Curiae on behalf of Plaintiff and Appellant.

Gibson, Dunn & Crutcher, Irwin F. Woodland, Robert A. Miller, Scott A. Kruse, Wayne W. Smith, Munger, Tolles, Hills & Rickershauser, Peter R. Taft, Melvyn H. Wald, Carla Anderson Hills, Lopez, Kennedy & Srite, Carlsmith, Carlsmith, Wichmann & Case, James H. Case, Jack Halpin, Swerdlow, Glikbarg & Shimer, Harry B. Swerdlow, Allan Albala, Jerome L. Levine, Diepenbrock, Wulff, Plant & Hannegan, John V. Diepenbrock, Brobeck, Phleger & Harrison, E. Judge Elderkin, Stephen A. Mazurak, McCutchen, Doyle, Brown & Enersen, Burnham Enersen, Loyd W. McCormick, Jonathan Greenfield, Flint & Mackay, Argue, Freston & Myers, John C. Argue, Edwin Freston and Barbara Reeves for Defendants and Respondents.

## OPINION

**TOBRINER, J.**—Plaintiff Archibald appeals from a trial court order dismissing her class action against all defendants on grounds of *forum non conveniens* and additionally against defendant Waikiki Hotels-Seven for want of personal jurisdiction. We explain that because plaintiff is a California resident, the trial court erred in granting defendants' motion to dismiss on grounds of *forum non conveniens;* even if Hawaii would provide a more convenient forum, as defendants contend, the authority of the trial court is limited to *staying* the California action pending proceedings in Hawaii. With regard to the question of jurisdiction over defendant Waikiki Hotels-Seven, we adopt the views stated in the opinion of Presiding Justice Leonard Friedman for the Court of Appeal for the Third Appellate District, which held that defendant's declarations did not suffice to establish that California lacked personal jurisdiction over such defendant.

Plaintiff Archibald, a California resident, filed the present action on behalf of herself and other California residents who visit the State of Hawaii. Defendants include companies which own or operate over 40 hotels and motels in Hawaii, as well as American Express Company, an agency which procured hotel reservations for plaintiff and other members of her class. She alleges that hotels in Hawaii have established by agreement a discriminatory rate structure which imposes on mainland visitors a higher room rental than the rate, called the Kamaaina rate, charged to residents of Hawaii.

Plaintiff visited Hawaii in 1971 and 1972 and was charged room rentals higher than the Kamaaina rate; she alleges that other California residents have fallen victim to the same practice. Asserting that the alleged price discrimination is illegal under both California and Hawaii law, plaintiff seeks recovery of compensatory and punitive damages on behalf of the class she represents.[1]

All the defendants joined in a motion to dismiss the action on the ground of *forum non conveniens.* Defendant Waikiki Hotels-Seven also moved to quash service of summons on the ground that it was not subject to personal jurisdiction in California. The trial court granted both motions, and plaintiff appealed.

1. *The superior court erred in dismissing the suit on the ground of forum non conveniens.*

The doctrine of *forum non conveniens,* established in California by judicial decision (*Goodwine* v. *Superior Court* (1965) 63 Cal.2d 481 [47 Cal.Rptr. 201, 407 P.2d 1]; *Price* v. *Atchison, T. & S. F. Ry. Co.* (1954) 42 Cal.2d 577 [268 P.2d 457, 43 A.L.R.2d 756]), is codified in Code of Civil Procedure section 410.30. This section provides that "When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just."

As we noted in *Ferreira* v. *Ferreira* (1973) 9 Cal.3d 824, 838 [109 Cal.Rptr. 80, 512 P.2d 304], "Both the terms of section 410.30 and the prior decisional law . . . distinguish between the dismissal of an action on grounds of forum non conveniens, and the stay of an action on that ground." This distinction, we explained, "does not merely lie in terminology. The staying court *retains jurisdiction* over the parties and the cause; . . . it can compel the foreign [party] to cooperate in bringing about a fair and speedy hearing in the foreign forum; it can resume proceedings if the foreign action is unreasonably delayed or fails to reach a resolution on the merits. . . . In short, the staying court can protect . . . the interests of the California resident pending the final decision of the foreign court." (9 Cal.3d at p. 841; see Comment (1974) 62 Cal.L.Rev. 365, 398.) A court which has dismissed a suit on grounds of *forum non*

---

[1]Plaintiff's complaint asserts four counts: (1) violation of the common law innkeepers' duty; (2) violation of the Hawaii innkeepers' law (Hawaii Rev. Stats., § 507-12); (3) conspiracy; and (4) violation of unspecified California statutes and regulations.

*conveniens,* on the other hand, has lost jurisdiction over the action and in relinquishing that jurisdiction deprived itself of the power to protect the interests of the California resident.

Because a court which has dismissed a suit cannot thereafter protect the interests of the litigants, we have consistently held that except in extraordinary cases a trial court has no discretion to dismiss an action brought by a California resident on grounds of forum non conveniens. In *Goodwine* v. *Superior Court, supra,* 63 Cal.2d 481, 485, we said that "A determination that a plaintiff is domiciled here would ordinarily preclude granting the defendant's motion for dismissal on the ground of forum non conveniens." *Thomson* v. *Continental Ins. Co.* (1967) 66 Cal.2d 738, 742 [59 Cal.Rptr. 101, 427 P.2d 765] observed that "*Forum non conveniens* has only an extremely limited application to a case where, as here, the plaintiff is a bona fide resident of the forum state." *Ferreira* v. *Ferreira, supra,* stated that "in the ordinary case, the doctrine of forum non conveniens does not permit the dismissal of an action itself, as distinguished from a stay of that action, brought by a California resident." (9 Cal.3d at p. 837.)[2]

Noting that our decisions have indicated that in an extraordinary case the court could dismiss an action by a California resident on grounds of *forum non conveniens,* defendants assert that the present action is such an extraordinary case; they support this assertion by pointing to considerations which suggest that Hawaii might be a more convenient place of trial.[3] In so asserting, defendants necessarily assume that the extraordinary case to which we referred in *Goodwine, Thomson* and *Ferreira* is simply a case in which the foreign forum is very much more convenient.

Defendants' assumption overlooks the reasoning underlying our refusal to permit the dismissal of actions brought by California residents.

[2]See also *Hadler* v. *Western Greyhound Racing Circuit* (1973) 34 Cal.App.3d 1, 5-6 [109 Cal.Rptr. 502]; Comment (1974) 62 Cal.L.Rev. 365, 393.

[3]Defendants claim that Hawaii will be more convenient to the majority of witnesses and a less expensive place of trial; that plaintiff can obtain unquestioned jurisdiction over all defendants in Hawaii; and that an Hawaiian class action need not be limited to California plaintiffs. They further contend that plaintiff's causes of action based upon common law or on the Hawaii innkeepers' law will be governed by Hawaii decisions, and that, since the outcome of the case will affect the pricing policies of many Hawaiian hotels, Hawaii has a greater interest than California in the controversy.

Although plaintiff questions the weight to be given the considerations cited by defendants, her primary objection to a Hawaii proceeding arises from her uncertainty whether Hawaii class action procedures are adequate to provide a practical remedy for her class claim.

This limitation of the *forum non conveniens* doctrine does not rest on any conclusion derived from a balancing of conveniences; it reflects an overriding state policy of assuring California residents an adequate forum for the redress of grievances. (See *Thomson* v. *Continental Ins. Co., supra,* 66 Cal.2d 738, 742-743; *Ferreira* v. *Ferreira, supra,* 9 Cal.3d 824, 839.)[4] In light of that policy, the exceptional case which justifies the dismissal of a suit under the doctrine of *forum non conveniens* is one in which California cannot provide an adequate forum[5] or has no interest in doing so. Examples would include cases in which no party is a California resident (*Price* v. *Atchison, T. & S. F. Ry. Co., supra,* 42 Cal.2d 577) or in which the nominal California resident sues on behalf of foreign beneficiaries or creditors.[6]

The present case does not fall within the exception to the rule barring dismissal. Plaintiff here sues on behalf of herself and other California residents, not as the representative of foreign beneficiaries or creditors; she asserts that she and other California residents have been victimized by unlawful and oppressive price discrimination. California unquestionably has an interest in assuring plaintiff a forum adequate to resolve this controversy and can, if necessary, provide that forum itself.[7]

---

[4]*Thomson* v. *Continental Ins. Co., supra,* 66 Cal.2d 738, 742, asserted that "California residents ought to be able to obtain redress for grievances in California courts, which are maintained by the state for their benefit." This language, however, appears inconsistent with the willingness of the court in both *Thomson* and *Ferreira* to permit a stay of the California action. The underlying philosophy of both decisions seems to be that a California court should assure a California resident a forum for redress of grievances, but need not provide that forum itself if an available foreign court would be a more convenient place of trial.

[5]See *Atlantic Richfield Co.* v. *Superior Court* (1975) 51 Cal.App.3d 168, 175-176 [124 Cal.Rptr. 63], directing dismissal of a suit on grounds of *forum non conveniens* because California could not obtain jurisdiction over indispensable parties.

[6]Three decisions cited with approval in *Thomson* and *Ferreira* illustrate the point. In *Great Northern Ry. Co.* v. *Superior Court* (1970) 12 Cal.App.3d 105 [90 Cal.Rptr. 461], a California administratrix, appointed for the limited purpose of filing the action, sued for the wrongful death of a Washington decedent; the sole beneficiary was a resident of Washington and the injury and death occurred in that state. The Court of Appeal mandated dismissal of the suit on grounds of *forum non conveniens. Atchison, Topeka & Santa Fe Ry. Co.* v. *District Court* (Okla. 1956) 298 P.2d 427 presented another suit for wrongful death of a nonresident filed by an administrator on behalf of nonresident beneficiaries. The court in *Universal Adjustment Corp.* v. *Midland Bank* (1933) 281 Mass. 303 [184 N.E. 152, 87 A.L.R. 1407] dismissed on grounds of *forum non conveniens* a suit by a resident assignee for the benefit of foreign creditors. In each of these cases the ultimate beneficiary of the suit was a nonresident.

[7]California can assert personal jurisdiction over most if not all of the defendants, and defendants do not contend that any absent defendants are indispensable.

■ Defendants respond that to refuse to permit the trial court to dismiss a suit by a true California resident even when the foreign forum is much the more convenient turns the doctrine of *forum non conveniens* on its head, and transforms it into an inflexible rule compelling trial in an inconvenient forum. Their argument overlooks the power of the trial court, applying the doctrine of *forum non conveniens,* to stay a suit by a California resident even when it lacks the power to dismiss that suit. In considering whether to stay an action, in contrast to dismissing it, the plaintiff's residence is but one of many factors which the court may consider. The court can also take into account the amenability of the defendants to personal jurisdiction, the convenience of witnesses, the expense of trial, the choice of law, and indeed any consideration which legitimately bears upon the relative suitability or convenience of the alternative forums. (See *Gulf Oil Corp.* v. *Gilbert* (1947) 330 U.S. 501, 508-509 [91 L.Ed. 1055, 1062-1063, 67 S.Ct. 839]; *Thomson* v. *Continental Ins. Co., supra,* 66 Cal.2d 738, 746-747; *Goodwine* v. *Superior Court, supra,* 63 Cal.2d 481, 485; *Great Northern Ry. Co.* v. *Superior Court, supra,* 12 Cal.App.3d 105, 113-115.) In short, the trial court retains a flexible power to consider and weigh all factors relevant to determining which forum is the more convenient, and to stay actions by true California residents when it finds that the foreign forum is preferable. The only procedure it cannot follow is that which the trial court attempts in the present case—a dismissal of a suit by a true California resident on grounds of *forum non conveniens.*

We conclude, therefore, that the trial court erred in granting defendants' motion to dismiss the present action. Anticipating this conclusion, the parties urge that we instruct the trial court whether it should grant or deny a motion to stay the instant action. To the extent that the parties' request requires us to consider and weigh the numerous factors which we have suggested above that should resolve whether trial in Hawaii is more or is less convenient than trial in California, we decline the task. As we stated in *Thomson* v. *Continental Ins. Co., supra,* 66 Cal.2d 738, "the propriety of a stay is a question which must first be addressed to the discretion of the trial judge."[8] (66 Cal.2d at p. 747; see *Ferreira* v. *Ferreira, supra,* 9 Cal.3d 824, 842-843.) Since defendants have not presented a motion for a stay to the trial judge, that judge has not yet had the opportunity to exercise his discretion.

---

[8]The parties debate the scope of appellate review of a trial court's discretionary decision to dismiss a suit on the ground of *forum non conveniens* when that decision rests solely upon documentary evidence. Since we have concluded that the trial court here had no discretion to dismiss plaintiff's suit, and that court has not yet exercised its discretion to stay the suit, we need not enter into that controversy.

We do, however, address one argument presented by plaintiff since its determination would preclude the exercise of *any* discretion by the trial court in the matter. Plaintiff argues that defendants have failed to show the existence of a suitable alternative forum (see *Gulf Oil Corp.* v. *Gilbert, supra,* 330 U.S. 501, 506-507 [91 L.Ed. 1055, 1061-1062]), and consequently that the trial court lacks the discretion to stay proceedings in California.

Plaintiff's argument rests on a comparison of class action procedures in California and Hawaii. As plaintiff points out, California decisions permit a class plaintiff to aggregate individual claims to bring his action within the monetary jurisdiction of the superior court. (*Collins* v. *City & Co. of S.F.* (1952) 112 Cal.App.2d 719, 724 [247 P.2d 362]; see *Daar* v. *Yellow Cab Co.* (1967) 67 Cal.2d 695 [63 Cal.Rptr. 724, 433 P.2d 732]; *Weaver* v. *Pasadena Tournament of Roses* (1948) 32 Cal.2d 833 [198 P.2d 514]; 1 Witkin, Cal. Procedure (2d ed. 1970) p. 557.) Moreover, the representative plaintiff in a California class action is not required to notify individually every readily ascertainable member of his class without regard to the feasibility of such notice; he need only provide meaningful notice in a form that "should have a reasonable chance of reaching a substantial percentage of the class members." (*Cartt* v. *Superior Court* (1975) 50 Cal.App.3d 960, 974 [124 Cal.Rptr. 376].) Thus California class action procedures pose no unreasonable barriers to the trial of plaintiff's class suit on its merits.

Plaintiff questions, however, whether her class suit will receive a hospitable reception under Hawaiian procedure. Class actions in Hawaii are governed by rule 23 of the Hawaii Rules of Civil Procedure, which is modeled upon rule 23 of the federal rules. Supreme Court decisions interpreting federal rule 23 have held that individual claims cannot be aggregated to overcome a monetary minimum required for subject matter jurisdiction (see *Snyder* v. *Harris* (1969) 394 U.S. 332 [22 L.Ed.2d 319, 89 S.Ct. 1053]; *Zahn* v. *International Paper Co.* (1973) 414 U.S. 291 [38 L.Ed.2d 511, 94 S.Ct. 505]) and that the representative plaintiff bears the burden of notifying individually every readily identifiable member of the class (*Eisen* v. *Carlisle & Jacquelin* (1974) 417 U.S. 156 [40 L.Ed.2d 732, 94 S.Ct. 2140]. Since no Hawaii appellate decisions adjudicate the issue, plaintiff fears that if the Hawaii courts follow these federal decisions she will be unable either to comply with the $500 minimum claim required for a suit in the Hawaii courts of general jurisdiction (see Hawaii Rev. Stats., §§ 603-21, subd. (5); 604-5), or to afford the expense of notifying individually the thousands of members of her class.

Any attempt on our part to predict how Hawaiian courts will resolve unsettled issues of class action procedure would be purely speculative. But, contrary to plaintiff's contention, the existence of unsettled questions of Hawaiian procedure does not compel the trial court to conclude as a matter of law that Hawaii is not a suitable alternative forum.[9] Uncertainties such as this concerning the suitability of the foreign forum have prompted our holding that a court cannot dismiss a suit by a true California plaintiff, but can stay that suit: the staying court can resume proceedings if the foreign forum proves unsuitable. (See *Ferreira* v. *Ferreira, supra,* 9 Cal.3d 824, 841.) California's appetite for litigation must not be so gluttonous as to compel it to engage in the trial of causes that are found by the court of first resort to be more conveniently resolved elsewhere, since if redress in the foreign jurisdiction proves abortive, California courts retain the option to resume proceedings.

Since a request for a stay is a matter which must first be addressed to the discretion of the trial court, we do not decide how that discretion should be exercised if such a request is urged. (See *Thomson* v. *Continental Ins. Co., supra,* 66 Cal.2d 738, 747.) To resolve the issue presented on this appeal it is sufficient to hold that the court has no discretion to *dismiss* the instant action on grounds of *forum non conveniens,* and that its order of dismissal must therefore be reversed.

2. *The trial court erred in quashing service of summons on defendant Waikiki Hotels-Seven.*

We believe that the Court of Appeal correctly resolved the issue posed by defendant Waikiki Hotels-Seven's motion to quash service.[10] We therefore adopt the relevant portion of the opinion of the Court of Appeal for the Third Appellate District prepared by Presiding Justice Leonard Friedman as and for the opinion of this court. The opinion follows:

 The complaint named Waikiki Hotels-Seven as a defendant which owns a group of Hawaiian hotels, including the Waikiki Surf in Honolulu. Hotel Operating Co. of Hawaii, Ltd., appeared specially and

---

[9]The need for the parties to litigate in Hawaii issues of class action procedure settled by precedent in California is indeed one of the factors the trial court can consider in determining which forum is the more convenient.

[10]The petition for hearing filed on behalf of all defendants collectively discusses only the *forum non conveniens* issue, and does not challenge the Court of Appeal's holding reversing the order quashing service of summons. Defendant Waikiki Hotels-Seven did not individually petition for hearing.

moved to quash service of summons on the ground that it was not amenable to the jurisdiction of the California courts. The trial court granted the motion to quash and plaintiff charges error.

Through an affidavit of one of its officials, Hotel Operating Co. declared that there was no entity known as Waikiki Hotels-Seven; that it had an "interest" in three named hotels, one of which was the Waikiki Surf; that none of these hotels has been incorporated in California; that no hotel "owned" by it had solicited business or advertised its properties in California since January 2, 1969; that no hotel "owned" by it possessed any property in California; that it does not act in any "special relationship" in California.

In opposition to the motion to quash, plaintiff Marybelle Archibald filed a declaration alleging that in August 1972 she had made reservations at several Hawaiian hotels (including the Waikiki Surf) at the Sacramento office of American Express Company; that she had stayed at the Waikiki Surf Hotel on August 17, 1972. She declared that American Express Company had advised her that a room deposit of one full night's lodging was necessary; that American Express Company received a commission of 10 percent of the total bill for each hotel; that if she did not use the reservation, she would be liable to American Express for the full deposit, including their 10 percent.

Also on file is an affidavit by an official of American Express Reservations, Inc.—Space Bank, a wholly owned subsidiary of American Express Company. The affidavit states that American Express Reservations—Space Bank does business throughout the world representing hotels in the sale and marketing of computerized reservations; that all arrangements between American Express and the defendant hotels were made in Hawaii and all contracts were executed in Hawaii.

A California court may exercise in personam jurisdiction consistent with constitutional principles. (See Code Civ. Proc., § 410.10.) A foreign corporation may not be required to defend itself in a state court unless the "quality and nature" of its activity in relation to the particular cause of action makes it fair to do so; its activity must consist of an act done or transaction consummated in the forum state by which it purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws. (*Hanson* v. *Denckla,* 357 U.S. 235, 253 [2 L.Ed.2d 1283, 1298, 78 S.Ct. 1228]; *McGee* v. *International Life Ins. Co.,* 355 U.S. 220 [2 L.Ed.2d 223,

78 S.Ct. 199]; *Buckeye Boiler Co.* v. *Superior Court* (1969) 71 Cal.2d 893 at p. 898 [80 Cal.Rptr. 113, 458 P.2d 57].)

■ Plaintiff argues that the Waikiki Surf Hotel solicits business in California through American Express, its "paid agent." Plaintiff relies on *McGee* v. *International Life Ins. Co., supra,* which sustained California's assertion of jurisdiction over a Texas insurance company, based upon the company's single act of mailing to its California customer the insurance certificate upon which suit had been brought.

The "quality and nature" of the insurance company's activity in *McGee* made it fair, in the due process sense, to require the company to defend itself in California in a suit on the insurance it had placed in force in California. Here, in contrast, plaintiff would utilize her single contact with the Hawaiian corporation to subject it to suit on behalf of herself and many others. Although this case and *McGee* both involve a single contact, the analogy fails for other reasons.

In general, the affidavits portray the American Express reservations service as an independent travel agency. Such an agency places reservations with practically any hotel or transportation firm throughout the world; the latter, in turn, usually accepts reservations and deposits from any established travel agency on a nonexclusive basis. In effect, plaintiff seeks a holding that a hotel or transportation firm subjects itself to lawsuits in any and all jurisdictions in which an independent travel agency sells its accommodations. Established decisional law calls for a contrary holding. ■ "'Although a foreign corporation may have sufficient contacts with a state to justify an assumption of jurisdiction over it to enforce causes of action having no relation to its activities in that state, . . . more contacts are required for the assumption of such extensive jurisdiction than sales and sales promotion within the state by independent nonexclusive sales representatives.'" (*Vibration Isolation Products, Inc.* v. *American Nat. Rubber Co.,* 23 Cal.App.3d 480, 483-484 [100 Cal.Rptr. 269], and cases cited.)

An analogy occurs in *Kenny* v. *Alaska Airlines,* 132 F.Supp. 838. There a federal court held that the defendant airline was not "doing business" in California by selling tickets through ticket agencies or connecting carriers. The court suggested that subjection to jurisdiction through ticket sales by local carriers or independent contractors "would present a policy problem of such magnitude that we believe the California courts would hold that such ticket sale activities did not constitute doing business."

(132 F.Supp. at p. 852.) In *Miller* v. *Surf Properties,* 4 N.Y.2d 475 [176 N.Y. S.2d 318, 151 N.E.2d 874], the New York Court of Appeals held that the activities of an independent New York travel agency, which solicited business and received reservations for many hotels, including a Florida hotel, did not make the Florida hotel amenable to New York process.

Nevertheless, we are not ready to sustain the order quashing service of summons. The affidavits supporting the motion are unsatisfactory. The affidavit of Hotel Operating Co. of Hawaii, Ltd., states that the corporation has an *interest* in three hotels (including the Waikiki Surf), permitting the inference that it has less than full ownership; declares that no hotel *owned* by it has solicited business or advertised "its properties" in California in recent years, a statement which (particularly in juxtaposition to the preceding averments) opens the possibility that some hotel in which it has an *interest* engages in California activity or advertises something other than "properties." It concludes with a denial of "special relationships," a vague, conclusionary statement. The affidavit of the American Express official reveals some sort of contract between American Express and the Hawaiian hotels, opening the possibility of some arrangement other than nonexclusive sales representation.

Ambiguous affidavits like these form an unacceptable basis for judicial decisions. We shall set aside the order quashing service and direct the trial court to reconsider the motion, giving both sides the opportunity for additional and more satisfactory affidavits which will clearly lodge the case on one side or the other of the governing rules of law. [We end our quotation from the Court of Appeal opinion at this point.]

The order granting defendants' *forum non conveniens* motion is reversed; the order quashing service of summons on Waikiki Hotels-Seven is reversed, with a direction to reconsider the motion on such additional affidavits as the parties may present.

Wright, C. J., McComb, J., Mosk, J., Sullivan, J., Clark, J., and Molinari, J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.