[Civ. No. 51754. First Dist., Div. Five. Nov. 18, 1983.]

UNIVERSITY FINANCING CONSULTANTS, INC.,
Plaintiff and Appellant, v.
RALPH V. BAROUCHE et al., Defendants and Respondents.

**COUNSEL**

Blaine L. Fields, James D. Gunderson, Jr., and Fields & Gunderson for Plaintiff and Appellant.

William J. Arnone, Jr., and Mosher, Pooley, Sullivan & Hendren for Defendants and Respondents.

**OPINION**

**HANING, J.**—Plaintiff University Financing Consultants, Inc. (University) appeals from an order quashing service of process for breach of contract on

defendants Ralph V. Barouche and Leonard L. Wolfer, individually and as general partners of Oceanside Park (Oceanside), a Hawaiian limited partnership.

At issue is the basis for assertion of California jurisdiction over a Hawaiian partnership. Defendants are Hawaiian condominium developers whose single connection with California was the engagement of brokerage services from plaintiff, a California mortgage brokerage corporation. Defendants were never physically present in California, but obtained plaintiff's services via contacts made in California with plaintiff by a Hawaiian mortgage broker.

When a defendant moves to quash out-of-state service for lack of jurisdiction, the burden is upon the plaintiff to establish the facts of jurisdiction by a preponderance of the evidence. (*Messerschmidt Development Co.* v. *Crutcher Resources Corp.* (1978) 84 Cal.App.3d 819, 825 [149 Cal.Rptr. 35].) We presume the trial court resolved the conflicting factual contents in the affidavits filed in support of the motion and in opposition to it and so review the order granting the motion to quash in a light most favorable to defendants. (*Belmont Industries, Inc.* v. *Superior Court* (1973) 31 Cal.App.3d 281, 283 [107 Cal.Rptr. 237].)

In the instant case, the affidavits reveal that defendant Oceanside is a Hawaiian limited partnership, created for the purposes of developing a specific condominium project in Mokuleia, Hawaii. In February 1980, defendants began to arrange construction and takeout financing for the project. Initially, they retained the services of Hawaiian mortgage brokers Spafford & Ishizaki, Inc. They subsequently spoke with Al Kanahele of the Hawaiian mortgage brokerage firm of International Funding, Inc. (International) because they had difficulty obtaining a takeout financing commitment containing a "no presale or prequalification" feature. Kanahele's partner, James Dodson, met with Donald Raymond of University sometime during mid-March 1980 to discuss the development project and the needed financing. The meeting, according to plaintiff's affidavit, took place at its offices in San Jose, California. What occurred after this meeting is disputed. Plaintiff contends that between mid-March and mid-April it and defendants engaged in several conference calls in which defendants discussed plaintiff's employment as mortgage broker for the Hawaiian project. The facts which must be accepted upon review (*Belmont Industries, Inc.* v. *Superior Court, supra,* 31 Cal.App.3d at p. 283) are those stated in defendants' affidavit: Defendants were first informed that International would be working with plaintiff during a meeting in Hawaii between Dodson and defendant Barouche on April 14, 1980. On April 15, 1980, Barouche signed, in Hawaii,

a letter of agreement which authorized plaintiff and International to act as defendants' exclusive brokers for a 10-day period. Plaintiff brought the action for breach of contract when defendants purportedly breached this agreement on April 23, 1980, by informing plaintiff's financing lender, Home State Savings, of Cincinnati, Ohio, that they wished to continue with their prior commitment for financing between Home State Savings and their first brokers, Spafford & Ishizaki, Inc.

■    Code of Civil Procedure section 410.10 provides that California courts may assert personal jurisdiction over nonresidents who are served with process beyond California's borders on any basis consistent with the United States or California Constitutions. Our Supreme Court has held that jurisdiction under this section should be exerted with "the full power of the state," limited only by due process guarantees. (*Buckeye Boiler Co.* v. *Superior Court* (1969) 71 Cal.2d 893, 898 [80 Cal.Rptr. 113, 458 P.2d 57].)
■    If a nonresident's activities in the forum state can be described as "extensive or wide-ranging" or "substantial . . . continuous and systematic," the nonresident defendant may be subject to the state's jurisdiction for all causes of action asserted against him. (*Perkins* v. *Benguet Mining Co.* (1952) 342 U.S. 437, 447-448 [96 L.Ed. 485, 493-494, 72 S.Ct. 413]; *Secrest Machine Corp.* v. *Superior Court* (1983) 33 Cal.3d 664, 669 [190 Cal.Rptr. 175, 660 P.2d 399].) In such circumstances the specific cause of action need not be related to the defendant's business activities within the forum state. In the present action plaintiff does not contend that defendants are subject to the general jurisdiction of this state. Instead, it asserts that California courts have limited jurisdiction over defendants because of a substantial nexus between their activities within the state and the particular cause of action pleaded. ■    In order for California to exercise even limited jurisdiction over a nonresident, due process requires that the nonresident have certain "minimum contacts" with the state such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." (*Internat. Shoe Co.* v. *Washington* (1945) 326 U.S. 310, 316 [90 L.Ed. 95, 102, 66 S.Ct. 154, 161 A.L.R. 1057]; *Secrest Machine Corp.* v. *Superior Court, supra,* 33 Cal.3d at p. 668.) Some cases view the "minimum contacts" requirement as distinct from the "fairness" requirement. (See, e.g., *Buckeye Boiler Co.* v. *Superior Court, supra,* 71 Cal.2d at p. 899.) Other cases imply that the two requirements are incorporated, such that a defendant's contacts with the state are said to be "minimum" if it is fair to assert jurisdiction under the circumstances. (See, e.g., *Archibald* v. *Cinerama Hotels* (1976) 15 Cal.3d 853, 863 [126 Cal.Rptr. 811, 544 P.2d 947].) Regardless of which construction a court uses, the imposition of jurisdiction must be constitutionally reasonable. (*Sibley* v. *Superior Court* (1976) 16 Cal.3d 442, 446 [128 Cal.Rptr. 34, 546 P.2d 322]; *Cornelison*

v. *Chaney* (1976) 16 Cal.3d 143, 147 [127 Cal.Rptr. 352, 545 P.2d 264]; *Secrest Machine Corp.* v. *Superior Court, supra,* 33 Cal.3d at p. 668.)

■   Federal and California cases have considered the following factors in deciding whether exercise of jurisdiction would be reasonable in light of a defendant's activities in the state: the extent to which the defendant derives economic benefit from activities in the forum state (*Buckeye Boiler Co.* v. *Superior Court, supra,* 71 Cal.2d at p. 900); whether the defendant has purposefully availed itself "of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws" (*Hanson* v. *Denckla* (1958) 357 U.S. 235, 253 [2 L.Ed.2d 1283, 1298, 78 S.Ct. 1228]); whether or not a state has passed special legislation relating to the subject matter of the action, indicating the state's interest in providing a forum for its residents (*McGee* v. *International Life Ins. Co.* (1957) 355 U.S. 220, 223 [2 L.Ed.2d 223, 226, 78 S.Ct. 199]); and the availability of evidence and the burden of prosecution and defense in another forum. (*Henry R. Jahn & Son* v. *Superior Court* (1958) 49 Cal.2d 855, 860-862 [323 P.2d 437].)

■   Defendants admittedly had no economic activity within this state other than the agency agreement with plaintiff, but jurisdiction can be maintained on the basis of a single contract. (*McGee* v. *International Life Ins. Co., supra,* 355 U.S. at p. 221 [2 L.Ed.2d at p. 225].) A significant factor in the Supreme Court's decision to uphold jurisdiction over the defendant in *McGee* was California's manifest interest in providing a convenient forum for its residents seeking redress from insurance fraud. (*Id.,* at p. 223 [2 L.Ed.2d at p. 226].) "The state always has an interest in providing a forum for its residents; the question is, how great an interest is involved in any particular case." (*Tiffany Records, Inc.* v. *M. B. Krupp Distributors, Inc.* (1969) 276 Cal.App.2d 610, 619 [81 Cal.Rptr. 320].)   ■   Plaintiff argues that it is precluded, as a California business, from bringing this action in Hawaii because of Hawaii's mortgage broker commission laws. Quite surprising, and significant, is the fact that defendants apparently agree, having asserted the same position during oral argument. They refused to acknowledge that plaintiff can obtain access to Hawaiian courts to prosecute this action. Given the fact that plaintiff is licensed by California to perform the services set forth in the contract, and defendants seek to utilize the statutes of Hawaii to block plaintiff's entrance to Hawaiian courts, California jurisdiction is appropriate. The burden of prosecution in another forum (*Henry R. Jahn & Son* v. *Superior Court, supra,* 49 Cal.2d at p. 862), the interests of California in providing a forum for its residents (*McGee* v. *International Life Ins. Co., supra,* 355 U.S. at p. 223 [2 L.Ed.2d at p. 226]), the contractual relationship between the parties (*ibid.*), and the

simple avoidance of interstate jurisdictional rebounding are sufficient grounds to grant jurisdiction and resolve the dispute on the merits as expeditiously as possible.

The order quashing service is reversed, and the matter remanded.

Low, P. J., and King, J., concurred.

A petition for a rehearing was denied December 9, 1983, and respondents' petition for a hearing by the Supreme Court was denied January 4, 1984.