Kevin HOTVEDT and Mary Ann Hotvedt, Plaintiffs–Appellants,

v.

SCHLUMBERGER LIMITED (N.V.) and Schlumberger Well Services, a Division of Schlumberger Technology Corporation, Defendants–Appellees.

No. 90–2005.

United States Court of Appeals, Fifth Circuit.

Oct. 9, 1990.

L. Steven Goldblatt, Redwood City, Cal., for plaintiffs-appellants.

David E. Warden, Christine L. Young, Robert J. Malinak, Baker & Botts, Houston, Tex., for defendants-appellees.

Before GARZA, JOLLY, and JONES, Circuit Judges.

GARZA, Circuit Judge:

Kevin and Mary Ann Hotvedt, plaintiffs, appeal the dismissal of their action on statute of limitations and *forum non conveniens* grounds. Because the Texas saving statute is applicable we reverse the decision of the district court as to STC and remand the case to be tried on an expedited basis. We also reverse the granting of the *forum non conveniens* motion in favor of SL and remand this portion of case back to the district court to be tried on an expedited basis as well.

## THE FACTS

In 1978, plaintiff Kevin Hotvedt graduated from the Massachusetts Institute of Technology ("MIT") with a Bachelor of Science in Electrical Engineering. Before graduation, Kevin, a Canadian citizen,[1] was flown to a job interview in Houston with Schlumberger at that corporation's expense. The Houston interview followed an on-campus interview at MIT. Candidates from other universities also were interviewed in Houston at this time. Immediately following the Houston interview[2], Kevin accepted a job with Schlumberger Limited ("SL") as a member of their International Field Staff. He was then assigned to Schlumberger Surenco S.A., a wholly owned subsidiary of SL. During his nine months of employment with Schlumberger, Kevin was assigned to a training center in Venezuela and later assigned to a facility in Arcaju, Brazil. It was during the assignment in Brazil that Hotvedt encountered what would spur this litigation.

At Arcaju, Hotvedt was required to work with gamma-ray and neutron-ray radioactive sources[3]. During his work, he was required to come into close contact with the radioactive sources. The proper tools, clothing and radiation monitoring devices were supposedly not made available, however. Consequently, Hotvedt suffered direct exposure to the radioactive isotopes and became seriously ill. Nine months after accepting employment with Schlumberger, Hotvedt resigned because of his illness. Following resignation and a move to California, Hotvedt was diagnosed as suffering from leukemia. The California treating physician indicated that the leukemia was directly caused by his exposure to the radiation in Brazil. Hospitals and physicians in California, Texas, Washington and New York have treated Hotvedt for this condition.

On October 29, 1985, the Hotvedts filed suit against SL in California state court. Schlumberger Technology Corporation ("STC")[4], a Texas corporation and a wholly owned subsidiary of SL, was added as a defendant on July 23, 1987. On October 19, 1987, the California court dismissed the action against SL for lack of personal jurisdiction[5]. The same day, that court stayed the action against STC on the basis of *forum non conveniens* and required the plaintiffs to pursue STC in Venezuela or Brazil. Instead of following the directive or appealing the decision, the Hotvedts came to Texas to reinstitute their claims. Suit was filed in Harris County District Court against SL and STC on November 11, 1987. The case was later removed to federal court by the defendants[6]. Approximately fifteen months[7] after removal to federal court, the district judge dismissed the action against STC on statute of limitations grounds and dismissed the action against SL on *forum non conveniens* grounds. We reverse the decision of the district court as to STC and SL and remand the case back to that court to be tried on an

---

1. Kevin's wife, Mary Ann, is also a plaintiff. She is an American citizen.

2. The letter Hotvedt received offering him the job had a reply address in Houston, Texas.

3. "Sources" are steel cannisters in which radioactive isotopes are placed to be used in downhole oil exploration. The sources which allegedly caused Hotvedt's condition were shipped from Schlumberger's warehouse in Houston.

4. Schlumberger Well Services, an unincorporated division of STC is the actual defendant. For simplicity, however, we refer to the parties as SL and STC. We note that each of these corporations has its own employees and neither has any day-to-day control over the operations of the other.

5. Because SL was dismissed by the California court for lack of personal jurisdiction, the saving statute clearly applies to this defendant. *See* Tex.Civ.Prac. & Rem.Code § 16.064 (Vernon 1986).

6. The case was removed by an in-state defendant. Because the plaintiffs made no objection at the time of removal, however, they waived their rights to pursue this action in the Texas state courts. *See Woodward v. D.H. Overmyer Co.*, 428 F.2d 880 (2d Cir.1970), *cert denied*, 400 U.S. 993, 91 S.Ct. 460, 27 L.Ed.2d 441 (1971).

7. At oral argument, counsel for the defendants explained that this delay resulted from a vacancy created on the federal bench and the appointment and confirmation of the successor district judge.

expedited basis because of Kevin Hotvedt's health.

## SAVED BY THE TEXAS SAVING STATUTE [8]

The California court stayed the action against STC on *forum non conveniens* grounds. Following the stay, the plaintiffs filed their Texas action and approximately six weeks later dismissed the California action against STC. Defendant-STC argues that the saving statute is not applicable because the California suit was not dismissed for lack of jurisdiction but rather was voluntarily dismissed by the plaintiff. We disagree.

■ *Forum non conveniens* is an equitable rule which gives the court discretion to decline to exercise jurisdiction when the action could more appropriately be tried elsewhere. Note, *A Foreign Plaintiff Has an Absolute Right to Maintain A Personal Injury Cause of Action in Texas Without Being Subject to Forum Non Conveniens Dismissal,* 20 Tex.Tech L.Rev. 995, 996 (1989). Even where jurisdiction is authorized by a venue statute, a court may resist the imposition of its jurisdiction by use of this doctrine. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947). Although the doctrine should be the exception, courts have increasingly dismissed or stayed actions on *forum non conveniens* grounds. *See* Stein, *Forum Non Conveniens and*

*the Redundancy of Court–Access Doctrine,* 133 U.Pa.L.Rev. 781, 785 n. 12 (1985) [9].

■ This is a case of first impression dealing with the Texas saving statute and the doctrine of *forum non conveniens.* The saving statute, however, was dealt with by our court before [10] in *Technical Consultant Servs. v. Lakewood Pipe,* 861 F.2d 1357, 1360–61 (5th Cir.1988). In *Lakewood Pipe,* we stressed that the saving statute is remedial in nature and requires liberal construction.[11] *Id.* at 1360.

■ Liberally construing the saving statute we find that it does apply to this case. The California court stayed the action on *forum non conveniens* grounds as to STC. Consequently, the California court decided to withdraw its exercise of jurisdiction and that the plaintiffs would have to go to South America to have their case heard. The defendants stress the language in the saving statute which states that it only applies *"because of lack of jurisdiction in the trial court where the action was first filed."* Tex.Civ.Prac. & Rem.Code § 16.064 (Vernon 1986). They even direct our attention to two Texas Court of Appeals decisions construing the statute. These decisions hold that the statutes of limitation are not tolled when the prior action had jurisdiction. *See Armstrong v. Ablon,* 686 S.W.2d 194, 196 (Tex.App.— Dallas 1984, no writ); *Oram v. General American Oil Co. of Texas,* 503 S.W.2d

---

**8.** Tex.Civ.Prac. & Rem.Code Ann. § 16.064 (Vernon 1986) states the following:

(a) The period between the filing of an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:

(1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgement is set aside or annulled in a direct proceeding; and

(2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.

(b) This section does not apply if the adverse party has shown in abatement that the first filing was made with intentional disregard of proper jurisdiction.

**9.** In addition to the statistics we read in the law reviews stating this fact, three of the cases be-

fore our panel at the time this case was argued involved *forum non conveniens* dismissals.

**10.** *See also Griffen v. Big Spring Indep. School Dist.,* 706 F.2d 645, 651 (5th Cir.), *cert. denied,* 464 U.S. 1008, 104 S.Ct. 525, 78 L.Ed.2d 709 (1983). (quoting two Texas appellate decisions which state that the act shall be liberally construed).

**11.** Since our decision in *Lakewood Pipe* the Texas Legislature has codified Tex.Rev.Civ.Stat. Ann. art. 5539 (Vernon 1958) now Tex.Civ.Prac. & Rem.Code § 16.064 (Vernon 1986). After careful examination of the old and new statutes we find that the legislature merely intended a codification of the statute. In others words, there is no substantive difference between the old statute and the new.

607, 609 (Tex.Civ.App.—Eastland 1973, writ ref'd *per curiam*), 513 S.W.2d 533 (Tex.1974), *cert. denied*, 420 U.S. 964, 95 S.Ct. 1355, 43 L.Ed.2d 441 (1975), *reh'g denied*, 421 U.S. 981, 95 S.Ct. 1984, 44 L.Ed.2d 473 (1975). Although both cases deal with the Texas saving statute neither decision involved the doctrine of *forum non conveniens* and consequently do not control this proceeding.

The trial court in *Armstrong* dismissed the action for a failure to comply with discovery, not for a lack of jurisdiction, and accordingly, the saving statute did not apply. *Armstrong*, 686 S.W.2d at 196. The only statement in *Oram*[12] relevant to the disposition of this case is that the dismissal must be for a lack of jurisdiction in order for the saving statute to apply. In this decision, the saving statute is directly applicable. The California trial court effectively did not have jurisdiction because it used the doctrine of *forum non conveniens* to avoid the imposition of its jurisdiction. Defendants may contend that the action was not dismissed on the basis of *forum non conveniens* but was rather stayed on the basis of this doctrine. In reality, however, the only difference is the terminology employed. Whether the action is stayed or dismissed on the grounds of *forum non conveniens*, the end result is the same; the California trial court is not going to hear this action because it has disclaimed jurisdictional authority. Furthermore, the Hotvedts should not have to appeal the decision in the California courts[13] in order to avail themselves of the saving statute. The statute has no such requirement. Because we decide that the saving statute is applicable we need not decide whether the Hotvedts' abandonment of their California action was involuntary or that an "excusable reason" existed for filing the Texas action after the statute of limitations had allegedly run.[14] Again, the saving statute has no such requirement.

### FORUM NON CONVENIENS—TOO CONVENIENT

■ As stated, the district court granted SL's *forum non conveniens* motion and dismissed the action as to that defendant. We remind our district courts that there is "a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors **clearly** point towards trial in the alternate forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255, 102 S.Ct. 252, 265–66, 70 L.Ed.2d 419 (1981) (emphasis added). Judging from the district court's MEMORANDUM AND ORDER we are not certain that the factors clearly point towards trial in the alternate forum. After all, STC, a Texas corporation and allegedly the most culpable defendant in this action, is a wholly owned subsidiary of SL, and it would not be unfair to make SL defend this action in the Southern District of Texas. Now that the circumstances have changed and STC will have to go to trial in the Southern District, it would be a clear abuse of discretion to require the plaintiffs to pursue SL, the parent company, in South America. Such a waste of time and resources would certainly constitute an abuse of discretion. *See Piper*, 454 U.S. at 257, 102 S.Ct. at 266 (stating that a

---

**12.** The appellate court in *Oram* decided that the non-movant/plaintiff had the burden of proof in establishing that the saving statute was applicable. In refusing the writ with the notation "no reversible error", however, the Texas Supreme Court stated that the summary judgment movant had not met its burden in conclusively establishing that limitations barred the suit. Therefore, the burden had not shifted to the non-movant regarding applicability of the saving statute. *Oram*, 513 S.W.2d at 534.

**13.** We note in passing that an appeal of the decision to a California Appellate Court would *probably* prove fruitless because the standard of review on appeal is whether the trial court abused its discretion in granting the stay/dismissal on the basis of *forum non conveniens*. *See Holmes v. Syntex Laboratories, Inc.*, 156 Cal.App.3d 372, 377–79, 202 Cal.Rptr. 773, 776 (1984).

**14.** Under Texas law a suit involuntarily dismissed will sometimes toll the statute of limitations. *See Shirley v. Waco Tap Ry. Co.*, 78 Tex. 131, 147, 10 S.W. 543, 552 (1889). Similarly, if the plaintiff can allege and prove an "excusable reason" for not filing suit within the applicable limitation period this may also toll the statute of limitations. *Irwin v. Basham*, 507 S.W.2d 621, 625 (Tex.Civ.App.—Waco 1947, no writ).

*forum non conveniens* determination "may be reversed only when there has been a clear abuse of discretion") *See also* Robertson and Speck, *Access to State Courts in Transnational Personal Injury Cases: Forum Non Conveniens and Antisuit Injunctions,* 68 Tex.L.Rev. 937, 938 (1990) (contending that the hardest fought battle by the defendants is over the *forum non conveniens* motion because if this battle is won the case is effectively over). Consequently, we reverse the granting of the *forum non conveniens* motion in favor of SL and remand this portion of the case to be tried on an expedited basis together with STC. We do not decide, however, what law is to be applied at the trial. Whether or not South American, Texas or some other law will apply is to be decided by the lower court.

## IN THE END

Accordingly, we REVERSE the decision of the district court and REMAND the case to that court to be tried on an expedited basis as to defendant-STC and defendant-SL. Both defendants should be tried at the same time, and the lower court will decide what law is to be applied.