**Kevin HOTVEDT and Mary Ann
Hotvedt, Plaintiffs–Appellants,**

v.

**SCHLUMBERGER LIMITED (N.V.) and
Schlumberger Well Services, a Division
of Schlumberger Technology Corpora-
tion, Defendants–Appellees.**

No. 90–2005.

United States Court of Appeals,
Fifth Circuit.

Feb. 19, 1991.

L. Steven Goldblatt, Los Angeles, Cal., for plaintiffs-appellants.

David E. Warden, Christine L. Young, Robert J. Malinak, Baker & Botts, Houston, Tex., for defendants-appellants.

* Judge Thomas Gibbs Gee was a member of the
panel that decided this case but resigned from

Before GARZA, JOLLY, and JONES,
Circuit Judges.

GARZA, Circuit Judge:

CERTIFICATE FROM THE UNITED
STATES COURT OF APPEALS FOR
THE FIFTH CIRCUIT TO THE SU-
PREME COURT OF TEXAS, PURSU-
ANT TO THE TEXAS CONSTITU-
TION ART. 5 § 3-C AND TEX.R.
APP.P. 114 TO THE SUPREME
COURT OF TEXAS AND THE HON-
ORABLE JUSTICES THEREOF:

1. STYLE OF THE CASE.

The style of the case in which this certificate is made is Kevin Hotvedt and Mary Ann Hotvedt, Plaintiffs–Appellants v. Schlumberger Limited (N.V.) and Schlumberger Well Services, a Division of Schlumberger Technology Corporation, Defendants–Appellees, Case No. 90–2005, in the United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Southern District of Texas. This case involves a question of state law. The Fifth Circuit *sua sponte*, after filing of appellees petition for rehearing and rehearing en banc, has decided to certify this question to the Honorable Justices of the Texas Supreme Court.

2. STATEMENT OF THE CASE.

We refer the Honorable Justices of the Texas Supreme Court to our opinion found at 914 F.2d 79 (5th Cir.1990) for the facts of this case.

3. QUESTION CERTIFIED.

Is the granting of a stay in a California court on the basis of *forum non conveniens* equivalent to a dismissal because of lack of jurisdiction in applying § 16.064 Tex.Civ.Prac. & Rem.Code (Vernon 1986)?

the Court on February 1, 1991 and, therefore, did not participate in this decision.

We disclaim any intention or desire that the Supreme Court of the State of Texas confine its reply to the precise form or scope of the question certified.