Kevin **HOTVEDT** and Mary
Ann Hotvedt, Plaintiffs–
Appellants,

v.

**SCHLUMBERGER LIMITED (N.V.) and Schlumberger Well Services, a Division of Schlumberger Technology Corporation, Defendants–Appellees.**

No. 90–2005.

United States Court of Appeals,
Fifth Circuit.

Aug. 28, 1991.

Rehearing and Rehearing En Banc
Denied Oct. 2, 1991.

---

ON PETITION FOR REHEARING

(Opinion October 9, 1990, 5th Cir.1990, 914 F.2d 79)

Before REYNALDO G. GARZA, JOLLY and JONES, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In this petition for rehearing, the defendants-appellees, Schlumberger Limited (N.V.) and Schlumberger Technology Corporation, challenge our previous decision, 914 F.2d 79 (5th Cir.1990), in which we held, *inter alia*, that a California court's granting of a stay on grounds of *forum non conveniens* was equivalent to a "dismissal ... because of lack of jurisdiction" for purposes of the Texas saving statute, Tex.Civ.Prac. & Rem.Code § 16.064 (Vernon 1986). For the reasons stated below, we grant the petition, withdraw our previous opinion, and substitute the following opinion in its place.

I

The facts of this case are set out in detail in our previous opinion reported at 914 F.2d 79 (5th Cir.1990). For our purposes today, we only iterate that the plaintiff Kevin Hotvedt became critically ill after being exposed to radioactive isotopes during the course of his employment with Schlumberger Limited ("SL") in Arcaju, Brazil. Hotvedt resigned his position with the company and moved to California with his wife, where he was first diagnosed as suffering from leukemia.

The procedural history of this case, also recited in detail in our original panel opinion, is rather important to the issue we reconsider here. The Hotvedts filed suit in California against SL and Schlumberger Technology Corporation ("STC"), its wholly owned subsidiary. The California court dismissed the action against SL for lack of personal jurisdiction and stayed the action against STC on grounds of *forum non conveniens*. As a condition of its stay, the court required STC to submit to jurisdiction in Venezuela or Brazil and to waive any statute of limitations defense. The Hot-

L. Steven Goldblatt, Los Angeles, Cal., for plaintiffs-appellants.

David E. Warden, Christine L. Young, Robert J. Malinak, Baker & Botts, Houston, Tex., for defendants-appellees.

vedts, however, who were apparently dissatisfied with the California court's disposition of their case, reinstituted the same action against both STC and SL in a Texas state court and weeks later, voluntarily dismissed their California suit. The defendants removed the Texas action to a federal district court.[1] That court dismissed the action against STC upon its summary judgment motion after determining that all claims against the employer were barred by the statute of limitations. The Hotvedts argued in opposition to STC's summary judgment motion that the filing of the action in California tolled the limitations period under the Texas Savings Statute, Tex. Civ.Prac. & Rem.Code Ann. § 16.064 (Vernon 1986). That statute suspends the limitations period when a plaintiff, acting in good faith, mistakenly files his lawsuit in a court lacking jurisdiction and thereafter initiates a second action in a court of proper jurisdiction. The district court, however, refused to apply the savings statute under the facts here because the California court did not lack jurisdiction and because the Hotvedts had voluntarily dismissed their first suit.

The district court, however, determined that the Texas Savings Statute clearly applied to SL, because all claims against SL were dismissed by the California court for lack of personal jurisdiction. It nevertheless dismissed the suit against SL on grounds of *forum non conveniens;* having dismissed STC, a Texas Corporation, from the lawsuit, the court concluded that there were no remaining local interests in resolving this dispute in Texas. Indeed, according to the district court, the only relevant link between SL, the forum state of Texas, and the alleged injury was Hotvedt's em-

ployment interview with SL which took place in Houston. The Hotvedts appealed the trial court's summary disposition of their case to our court.

In our panel decision, we agreed with the arguments raised by the Hotvedts and reversed the district court. First, we concluded that the California state court's stay of the plaintiff's case against STC on *forum non conveniens* grounds was in effect a disclaimer of jurisdiction, and was the functional equivalent of a dismissal for lack of jurisdiction for purposes of applying the Texas saving statute.[2] We considered the difference between dismissing and staying an action on the basis of *forum non conveniens* only a matter of terminology. Therefore, we concluded that the savings statute applied to toll the statute of limitations on the Hotvedts' action against STC.

Second, we concluded that the district court abused its discretion in dismissing the action against SL on grounds of *forum non conveniens* in view of our decision, which effectively allowed the Hotvedts to pursue their action against STC (a Texas corporation) in Texas. We therefore reversed the district court and remanded the case for trial. The defendants then filed this petition for rehearing. In the meantime, we certified the question to the Texas Supreme Court, *Hotvedt v. Schlumberger Ltd. (N.V.),* 925 F.2d 119 (5th Cir.1991), which it refused to accept. We now grant the Schlumberger's petition for rehearing.

## II

### A

■ The error in our previous decision was equating a stay on *forum non conve-*

---

1. The plaintiffs waived their right to object to the in-state defendant's removal of this action. *See Woodward v. D.H. Overmeyer Co.,* 428 F.2d 880 (2d Cir.1970), *cert. denied,* 400 U.S. 993, 91 S.Ct. 460, 27 L.Ed.2d 441 (1971).

2. The statute provides, as follows:

   (a) The period between the filing of an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:

(1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and (2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.
(b) This section does not apply if the adverse party has shown in abatement that the first filing was made with intentional disregard of proper jurisdiction.
Tex.Civ.Prac. & Rem.Code Ann. § 16.064.

*niens* grounds to a "dismissal ... because of lack of jurisdiction." Tex.Civ.Prac. & Rem.Code Ann. § 16.064. Given that the stay we are considering arises from a California court, it is critical to understand how California characterizes such a stay. Contrary to our earlier contention that "the only difference [between a *forum non conveniens* stay and a *forum non conveniens* dismissal] is the terminology employed," *Hotvedt*, 914 F.2d at 82, the California Supreme Court holds that the distinction "between the dismissal of an action on grounds of *forum non conveniens,* and the stay of an action on that ground ... does not lie merely in terminology. The staying court *retains jurisdiction* over the parties and the cause.... A court which has dismissed a suit on grounds of *forum non conveniens,* on the other hand, has *lost jurisdiction* over the action...." *Archibald v. Cinerama Hotels,* 15 Cal.3d 853, 544 P.2d 947, 126 Cal.Rptr. 811 (1976) (en banc) (emphasis added); *see Furda v. Superior Court,* 161 Cal.App.3d 418, 425, 207 Cal.Rptr. 646 (Dist.Ct.App.1984). Here, the case was stayed, not dismissed. Thus, under California law, the trial court's stay of the Hotvedts' action is not considered tantamount to a dismissal, much less a dismissal on jurisdictional grounds. We find it impossible to ignore this expressly stated point of law from the court whose judgment we are applying.

Because we are faced here with a stay and not a dismissal, it is unnecessary for us to address whether a dismissal on grounds of *forum non conveniens* is sufficiently analogous to a dismissal for lack of jurisdiction to invoke the Texas savings statute. We must acknowledge, however, that, as a matter of indisputable fact, the California court always had jurisdiction over STC, and no one argues otherwise; the California court simply declined, ultimately, to exercise its jurisdiction. One Texas court has expressly stated that the Texas savings statute "affords relief only when the dismissal of the former action was for lack of jurisdiction; if the court had jurisdiction the statute is not tolled." *Oram v. General Am. Oil Co.,* 503 S.W.2d 607, 609 (Tex. Civ.App.1973) *writ ref'd,* 513 S.W.2d 533 (Tex.1974), *cert. denied,* 420 U.S. 964, 95 S.Ct. 1355, 43 L.Ed.2d 441 (1975). The same court also referred to the absence of jurisdiction as an *essential* element in the application of the statute. *Id.* (construing precursor to § 16.064). There is no case that we have found that even remotely challenges this interpretation of the Texas savings statute.

In short, because we cannot avoid these holdings of the California and Texas courts, we have concluded that our earlier holding that we could finesse the actual presence of jurisdiction of the California court over STC by labeling its stay as the functional equivalent of a dismissal for lack of jurisdiction is just too much of a stretch.

**B**

■ Moreover, on reflection, we have also concluded that the equitable purpose or remedial nature of the savings statute does not fully justify its application under the facts of this case. Although we are most sympathetic to the Hotvedts' present predicament, we note that it is almost entirely attributable to the tactical decision of their attorney. But for counsel's tactical decision, prematurely and voluntarily to dismiss the California suit, the Hotvedts could have proceeded to press their claims against STC in South America, or indeed, could have appealed to the higher California courts for relief. It is clear, however, that errors in such tactical decisions were not meant to be remedied by the savings statute. *See Dalo v. Laughlin,* 636 S.W.2d 585, 589–90 (Tex.Ct.App.1982) (abandonment of suit does not toll statute of limitations).

**III**

■ Having now concluded that STC met its summary judgment burden on the limitations issue, we must also reconsider our decision holding that the district court erred in dismissing the Hotvedts' suit against SL, STC's parent corporation, on *forum non conveniens* grounds. Our duty in this regard is not to make an initial

*forum non conveniens* determination but to determine if the trial court abused its discretion. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 102 S.Ct. 252, 266–67, 70 L.Ed.2d 419 (1981); *Camejo v. Ocean Drilling & Exploration*, 838 F.2d 1374, 1379 (5th Cir.1988).

■ Under the facts of this case, we find no such abuse where the district court correctly applied the required analytical rubric under *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 504, 67 S.Ct. 839, 841, 91 L.Ed. 1055 (1947), in reaching its decision. Indeed, even the Hotvedts do not contest the adequacy of the procedural framework supporting the district court's dismissal order. Instead, they disagree only with the result reached. In view of the court's order dismissing STC from the Hotvedts' action, however, its decision to dismiss the Texas suit against SL seems unassailable. Accordingly, the trial court's *forum non conveniens* determination will not be disturbed. *Cf. Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540 (5th Cir.1991) (remanding case because of lower court's failure to follow required analytical framework in reaching *forum non conveniens* determination).

## IV

In the light of the foregoing, the judgment of the district court, with its appropriate conditions to a *forum non conveniens* dismissal, is

AFFIRMED.

REYNALDO G. GARZA, Circuit Judge, dissenting from granting of rehearing.

I dissent from the granting of rehearing in this case not only because I believe that we were right the first time the case was decided, but because I wish to write as to the inference to be drawn from a refusal of the Texas Supreme Court to take a certified question and also to argue that we are deciding a Texas law issue and the majority insists on looking at California law.

As stated by the majority in the granting of the petition for rehearing, we certified the question we had decided to the Su-preme Court of Texas in *Hotvedt v. Schlumberger, Limited N.V.*, 925 F.2d 119. The question certified to the Supreme Court of Texas was as follows:

Is the granting of a stay in a California court on the basis of *forum non conveniens* equivalent to a dismissal because of lack of jurisdiction in applying § 16.-064 Tex.Civ.Prac. & Rem.Code (*Vernon* 1986)?

Since no statute controls what is meant when the Supreme Court of a state such as Texas refuses to answer a question certified, what is the inference that we must draw from such refusal?

I suggest that the most logical inference to be drawn is that the Supreme Court of Texas agreed with our original panel opinion that a stay on the basis of *forum non conveniens* is equivalent to a dismissal because of lack of jurisdiction in applying the Texas saving statute. I cannot believe that if the majority of the Texas Supreme Court justices had thought that our opinion was wrong that they would have allowed it to stand. What the justices of the Texas Supreme Court refused to do, the majority now does. They set themselves up in the shoes of the Texas Supreme Court and now tell us that we were wrong the first time.

My belief that the majority of the justices of the Texas Supreme Court thought that we had decided the question correctly is further strengthened by the law in Texas as decided in *Dow Chemical Co. v. Castro Alfaro*, 786 S.W.2d 674 (Tex.1990), in which the common law doctrine of *forum non conveniens* was abolished in cases of the type before us. I have pointed this case out to my colleagues on the panel and they have both informed me that they do not think that this case has anything to do with our case. I have to strongly disagree with them. They insist in applying California law when we are involved with a Texas statute and ought to be applying Texas law. If the California court had been sitting in Texas they could not have done what they did and even though they had jurisdiction, they would not exercise it.

I would have denied the petition for rehearing on the basis that because we did

not know whether we were right or not, we submitted the precise question by certification to the Supreme Court of the State of Texas and they refused to accept our certification with the resulting inference that we were right in the first place.