HUBEI GEZHOUBA SANLIAN INDUS-TRIAL, CO., LTD., a company located in Hubei Province, People's Republic of China; Hubei Pinghu Cruise Co., Ltd., a company located in Hubei Province, People's Republic of China, Plaintiffs–Appellants,

v.

ROBINSON HELICOPTER COMPA-NY, INC., a California corporation, Defendant–Appellee.

No. 07–55649.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 2008.

Filed July 22, 2008.

Mark Moedritzer, Shook, Hardy & Bacon, LLP, Kansas City, MO, Frank C. Rothrock, Shook, Hardy & Bacon LLP, Irvine, CA, for Plaintiffs–Appellants.

Tim A. Goetz, Tim Goetz Law Firm, Torrance, CA, Stephen E. Ronk, Gary J. Lorch, Gordon & Rees, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: TROTT, WARDLAW and FISHER, Circuit Judges.

MEMORANDUM *

Hubei Gezhouba Sanlian Industrial and Hubei Pinghu Cruise (collectively, "Sanli-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**600**

an") appeal the district court's grant of summary judgment in favor of Robinson Helicopter Company ("RHC"). We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

The district court erred in finding that the California state action was no longer pending after January 27, 1998. *Cf. Archibald v. Cinerama Hotels,* 15 Cal.3d 853, 126 Cal.Rptr. 811, 544 P.2d 947, 950–52 (1976) (distinguishing between impact of dismissal and stay on basis of forum non conveniens). Accordingly, the tolling provision remained in place when Sanlian filed its complaint in the People's Republic of China ("PRC") in January 2001 and there was no basis for finding that enforcement of the PRC judgment would violate California's public policy against stale claims.

Service of process does not provide an alternative basis for summary judgment. There are material issues of fact regarding whether Elizabeth Rougeau was authorized to receive service for RHC, whether she was given a "Summary of the Document to be Served" or a "Request for Service Abroad" and whether RHC received adequate notice of the PRC action. *See generally Simo v. Union of Needletrades,* 322 F.3d 602, 610 (9th Cir.2003) ("Summary judgment is improper if 'there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.' ") (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). We decline to resolve in the first instance whether service of process that is effectuated under Article 5(a) of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters must strictly comply with federal or state rules of service for the ensuing foreign judgment to be recognized under California's Uniform Foreign Money Judgements Recognition Act or whether a more general due process concept of notice is sufficient. The district court should address these issues on remand.

**REVERSED and REMANDED.**